## TAYLOR v. DAVIS COUNTY.

1. **Bridges:** LIABILITY OF COUNTY. The liability of a county for injuries caused by a failure to construct bridges, or keep them in repair, extends only to bridges of the larger class, requiring an extraordinary expenditure of money. These are properly-designated "county bridges." Following *Soper v. Henry County*, 26 Iowa, 264.

2. ——: ——: RULE APPLIED. Where the Board of Supervisors granted a change in a county road upon condition that the petitioners should "put it in good traveling condition," and after the new road was built established the change: *Held*, that this would not render the county liable for injuries caused by a defect in a small bridge constructed as a part of the road.

*Appeal from Davis District Court.*

FRIDAY, MARCH 19.

THE plaintiff sues to recover damages which he alleges he sustained by falling from a bridge, on a public highway in Davis county, Iowa. The cause was tried to the court, without a jury, resulting in a judgment for the defendant for costs. The plaintiff appeals. See the opinion for the further facts of the case.

*Trimble & Carruthers,* for appellant.

*Traverse & Eichelberger,* for appellee.

MILLER, CH., J.—The substance of the finding of facts by the court is, that while the plaintiff was traveling upon a public highway leading south from Bloomfield, and attempting to cross a small bridge constructed over a small ravine, over which the highway passed, the buggy in which plaintiff was riding ran off the bridge, throwing plaintiff out and breaking his leg,

which disabled him from attending to his ordinary business for several weeks.

The bridge was 16 feet wide, and its length on a parallel with the road about 12 feet, and the floor of the bridge was about 8 feet above the bottom of the ravine. The ravine over which the bridge was constructed headed less than a quarter of a mile above the bridge, and was dry most all the time. A good safe bridge could be built over said ravine for $100; that the bridge in question was sufficient except that it had no side railings; that such railings would not have cost more than five or ten dollars.

The court further finds that the plaintiff's buggy ran off the bridge in consequence of there being no railings thereon, and because of the dropping of a bolt which attached one side of the tongue of the buggy to the axle, thereby causing the buggy to run off to one side of the bridge instead of going in a straight line across the bridge.

The bridge was on, and part of a public highway in the county, but had not been erected by the county, or with the county funds. A change in the road had previously been petitioned for, and the Board of Supervisors established or granted the change on condition that the petitioners therefor should "put it in good traveling condition, or at least in as good condition as the old road." The bridge in question was built by the petitioners for the change upon the new part of the road, and after its construction, and the new road had been put in condition, the Board of Supervisors appointed a committee who examined the work, including the bridge, after which the Board established the road as thus changed.

Upon these facts the only material inquiry is whether or not the bridge in controversy was of such a character as that the county is liable for injuries resulting from defects therein.

The county has the power to provide for the erection of such bridges as may be necessary, and which the public con-

1. BRIDGES: liability of county. venience may require, within the county, and to keep the same in repair. *Bell v. Foutch*, 21 Iowa, 119; *Barrett v. Brooks*, Id., 144; *Long v. Boone County*, 33 Id., 181. But the duty of building bridges and

making roads generally throughout the county is not imposed upon it as a corporation, but upon the respective road districts, and for a neglect of this duty, by the officers of the road district, the county is not liable except as to bridges of the larger class, requiring an extraordinary expenditure of money, which are properly designated county bridges. *Soper v. Henry County*, 26 Iowa, 264. ∗

For an injury caused by a defect in a small bridge, which it was the duty of the officers of the particular road district to build or keep in repair as a part of the highway, the county is not liable. *Id.*

In the present case the county did not erect the bridge complained of. The only thing it had to do with it was to determine that the new road, including the bridge, was in as good condition for travel as the old road. The bridge is, as is said in *Soper v. Henry County, supra*, " one of those small bridges, which the law contemplates shall be built and kept in repair by the road district" within which it is situated. The facts that the county Board of Supervisors sent a committee to examine the work on the new road before making the change absolute and having established the change in the road after such examination, do no more make the county liable for an injury caused by a defect in the bridge, than for an injury caused by a defect in any other portion of the highway thus established. It was competent for the Board of Supervisors to have granted the proposed change in the road absolutely, leaving it to be worked upon and bridged by the proper road district officers. Rev., § 851. It is clear that, had this been done, and the road worked and the bridge built by the road district, the county would not be liable for injuries resulting from defects therein. That the board required this work to be done by the petitioners for the road instead of the road supervisor, cannot have the effect to change the rule of liability. The county is not liable, because the bridge does not come within the designation of a " county bridge," nor has the county made it such by exercising control over it and erecting it as a county bridge.

The judgment of the court below will be AFFIRMED.