## CHARLES O. NEUERT vs. CITY OF BOSTON.

Suffolk.    March 7. — May 8, 1876.    AMES & MORTON, JJ., absent.

A city owning a telegraph wire, for the use of its fire department, is liable to a per-
son injured by coming in contact with the wire, if the injury was caused by the
negligence of the city in removing or authorizing it to be removed from its original
position, for a purpose not connected with the fire department.

TORT for personal injuries sustained by the plaintiff by coming in contact with an electric telegraph wire, suspended across one of the streets in the defendant city, while the plaintiff was travelling on the street.   Trial in the Superior Court, before *Aldrich*, J., who reported the case for the consideration of the full court in substance as follows :

The plaintiff introduced evidence tending to show that about noon, on December 11, 1871, he was driving along Tremont Street, and, when near the place where the Boston and Albany Railroad passes under the street, and while using due care, he came in contact with an electric telegraph wire, suspended across the street, and from eight to ten feet above the same ; that he and the top of the wagon, in which he was riding, were thrown from the body of the wagon into the street, so that he was thereby seriously injured ; and that he had driven over the same part of the street with the same wagon an hour or two before, without meeting any obstruction from the wire.

It was admitted that the wire was put up by the city of Boston in 1869, and was owned and maintained by the city for the use of its fire department, and was originally suspended across the street at a much greater height than it was at the time of the accident, and at such a height as to offer no obstruction to travel on the street, by being fastened to a pole set in the ground on the westerly side of the street, and to the top of a dwelling-house on the easterly side of the street, and had so remained until December 6, 1871, at which time it was temporarily fastened at that point by being wound around the chimney of the house.   The house was the property of the city, and was sold by the city on November 15, 1871 ; and by the terms of the sale the purchaser was to remove the house within thirty days thereafter,

The evidence tended to show that the house was in the process of removal at the time the plaintiff received his injuries, and that the wire, during the removal of the house, swung down nearer to the surface of the street than it had been originally suspended, and so came in contact with the plaintiff and his carriage, and that the change in the fastening of the wire on the house was rendered necessary and was made in contemplation of the removal of the house.

The fire department of the city was established under the provisions of the St. of 1850, *c.* 262, which act, and the ordinances of the city relating to the fire department, may be referred to by either party, so far as they may be deemed material to this case.

The defendant offered evidence of the election of a superintendent of the fire alarm telegraph for the year 1871, as provided for by section 52 of an ordinance in relation to the fire department, passed August 20, 1861.

Upon the foregoing evidence and admitted facts the defendant requested the judge to rule that the plaintiff, for the reason that the city could not be made responsible for the management or mismanagement of apparatus constructed for the use of the department, could not maintain his action. The judge declined so to rule, the evidence tending to show that the city had, for purposes not connected with the fire department, removed or authorized the said wire to be removed from the original position as fixed for the fire department.

The judge then submitted the case to the jury, with full and appropriate instructions not objected to; and the jury returned a verdict for the plaintiff for $2500. If, upon this report, the action could not be maintained, the plaintiff was to become nonsuit; otherwise, judgment for the plaintiff upon the verdict.

*C. F. Kittredge*, for the defendant.

*J. L. Eldridge*, for the plaintiff.

ENDICOTT, J. It appears by the report that the city owned the building to which the telegraph wire was attached; and also owned the wire, which it maintained for the use of the fire department. The building was sold by the city, and was to be removed within thirty days. While the building was being removed the wire was lowered, and the plaintiff's wagon, passing on the highway, came in contact with it. The question for the

jury was, whether the position of the wire at the time if the accident was caused by the negligence of the city, in removing or authorizing it to be removed from its original place. There is no evidence reported that the wire was moved by the persons in charge of the fire department.

The ruling, requested by the defendant, that the plaintiff could not maintain the action, because the city could not be made responsible for the management of apparatus connected with the department, was properly refused; the presiding judge stating that the evidence tended to show that the city had caused the wire to be removed, or had authorized its removal for purposes not connected with the fire department. A nonsuit cannot, therefore, be entered on the ground that the action cannot be maintained; and as, by the terms of the report, no other alternative is presented but judgment on the verdict, it must be so ordered.

*Judgment on the verdict.*