RICHARD SMITH, Appellant, v. THE CITY OF ROCHESTER, Respondent.

To establish the liability of a municipal corporation for damages resulting from the alleged negligence or want of skill of its agent or servant in the course of his employment, it is essential to show that the act complained of was within the scope of the corporate powers; if outside of the powers of the corporation, as conferred by statute, the corporation is not liable, whether its officers directed the performance of the act, or it was done without any express direction.

A municipal corporation is not liable for the negligence of firemen while engaged in the discharge of their duties; the members of its fire department act not as its servants or agents, but as officers charged with a public service, for whose negligence therein no action lies against it.

Defendant's common council appointed a committee to make arrangements for the celebration of the centennial anniversary. Said committee directed the fire department to be in front of the city hall at midnight of December 31, 1875. One of the defendant's hose carts, which was being driven rapidly and negligently along a street on its way to the place so designated, ran over the plaintiff and injured him. In an action to recover the damages, held, that the calling out of the hose cart for such purpose was not authorized and defendant was not liable; that the fact that the city owned the horses and hose cart did not make it responsible for the negligent acts of its servants having charge and control of them, when using them in a service not of a public nature, and not authorized by law.

Eastman v. Meredith (36 N. H., 285); Bailey v. The Mayor (3 Hill, 531); Jewett v City of New Haven (38 Conn., 386), limited.

Neuert v. City of Boston (120 Mass., 338); Lee v. Village of Sandy Hill (40 N. Y., 442), distinguished.

Also held, that the authority claimed was not given by the provision of defendant's charter (§ 40, chap. 143, Laws of 1861), authorizing it to regulate "merry makings" and "sports;" that such provision only authorized the regulation of such amusements given in the city by other parties.

Also *held*, that, assuming that defendant had authority to call out the fire department for the purpose stated, it was not liable.

(Argued February 14, 1879 ; decided March 25. 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendant, entered upon an order denying a motion for a new trial and directing judgment on an order nonsuiting plaintiff on trial.   (Reported below, 13 Hun, 214.)

This action was brought to recover damages for injuries alleged to have been sustained through the negligence of the driver of one of defendant's hose carts.   Plaintiff's counsel, in opening the cause on trial, stated substantially the following facts :

That the defendant, by its charter, was empowered to organize and maintain a fire department in the city, for the prevention and extinguishment of fires, and to purchase, own and keep fire engines and hose carts and horses and other apparatus, and to employ firemen ; that, in the exercise of its corporate power, it had such fire department, and that it had the right to regulate sports in the city and the exhibition of fireworks ; that on the night of the 31st of December, 1875, the common council of the city, with the approval of the mayor, by resolution in due form passed, appropriated money and appointed a committee to celebrate the 100th anniversary of the national existence, by sports and fireworks, to be provided and regulated by such committee ; and as part of such sport and exhibition (and not for the extinguishment of any fire), such committee required that the horses and fire apparatus of the defendant should be driven along the streets of the city, and assembled in front of the city hall, at the hour of midnight, and accordingly, one of the hose carts of the defendant, with a span of horses attached, was driven by one of its assistants along State street (the night being very dark), in a very rapid, careless and negligent manner, toward the appointed rendezvous. At the same time the plaintiff was walking across State

street in a careful manner, without any fault whatever, when the driver of said hose cart ran down and over the plaintiff and injured him. Upon this opening, defendant's counsel moved for a nonsuit, which was granted ; plaintiff's counsel duly excepted.

Exceptions were ordered to be heard. at first instance, at General Term.

*John H. Martindale*, for appellant. Although defendant's horses and carts were purchased and designed for public service in the fire department, and were generally employed in that service, it was competent for defendant to employ them in a purely private service, so as to make it liable for damages arising from their negligent use. (*O'Meara* v. *Mayor*, 1 Daly, 425; Dillon on Corp., § 780; *Eastman* v. *Meredith*, 36 N. H., 295–296; *Bailey* v. *New York*, 3 Hill, 531; *Newport* v. *City of Boston*, 120 Mass., 338; *Lee* v. *Village of Sandy Hill*, 40 N. Y., 442.) Defendant's common council had full power and authority in the premises. (Laws 1861, chap. 143, § 40, subd. 4; City of Rochester Charter, §§ 222, 223, 224; *Maximilian* v. *Mayor*, 62 N. Y., 160; *Jewett* v. *New Haven*, 38 Conn., 386.)

*James Breck Perkins*, for respondent. Defendant was not liable for the negligence of any person employed by it as a member of the fire department. (*Jewett* v. *New Haven*, 38 Conn., 368; *O'Meara* v. *Mayor*, 1 Daly, 425; *Wheeler* v. *Cincinatti*, 10 Ohio, 19; *Hofford* v. *New Bedford*, 16 Gray, 297; *Fisher* v. *Boston*, 104 Mass., 87; *Maximilian* v. *Mayor*, 62 N. Y., 160; *How* v. *Mayor*, 70 id., 459.) The common council had no power or authority to use defendant's funds and property for a public celebration, or to order the members of its fire department to turn out for any such purpose. (*Hayden* v. *Buffalo*, 2 Den., 110; *Boyland* v. *Mayor*, 1 Sand., 2; *How* v. *Mayor*, 70 N. Y., 459; Charter, § 223, § 40, subd. 4; *Brown* v. *Utica*, 2 Barb., 104; *Anthony* v. *Inhab. of Adams*, 1 Met., 284; *Morrison* v. *Lawrence*, 98

Mass., 219; Dillon on Mun. Corp., §§ 767, 768; *Hill* v. *Boston*, 122 Mass., 344.)

MILLER, J.   The doctrine is well settled, that municipal corporations are within the operation of the general rule of law, that the superior or employer must answer civilly for the negligence or want of skill of an agent or servant in the course of their employment, by which another is injured. It is essential, however, to establish such a liability that the act complained of must be within the scope of the corporate powers, as provided by charter or positive enactment of law. If the act done is committed outside of the authority and power of the corporation as conferred by statute, the corporation is not liable, whether its officers directed its performance, or it was done without any express direction or command.   It is *ultra vires*, and cannot be made the basis of an action for damages for that reason.   These general principles are fully sustained by the authorities.   (See Dillon on Mun. Cor., §§ 766, 767, and authorities cited.)

The liability of the defendant is sought to be maintained upon the ground that, although the defendant's horses and hose cart were purchased and designed for public service in the fire department, and were generally employed in that service, it was competent for the defendant to employ them in some other service, not of a public, but purely of a private character, so as to render the defendant liable for damages arising from their negligence.   This position rests upon the ground that the corporation is liable whenever it uses the property in a service which is not of a public nature authorized by law, and its orders impose upon servants who have the charge and control of such property the duty of obedience, and render the corporation responsible for the negligent misconduct of the servant, as much as that of any other superior, or as for any other malfeasance.

We are referred to some authorities which, it is claimed, uphold the doctrine contended for ; but we think that they do not sanction any such principle, as is manifest from an

examination of the same. In *Eastman* v. *Meredith*, 36 N. H., 285, the action was for an injury caused by the giving away of the flooring of a town-house erected by the town, which was imperfectly constructed; and it was held that no action would lie against the town. The *dictum* of PERLEY, Ch. J., in the opinion, as to the liability of corporations for private injuries caused by improper management, does not go to the extent of holding that they are liable for acts done by its officers or managers beyond the scope of the powers conferred by law; nor was it intended, we think, to hold that, in the latter case, the corporation was liable when the property was not employed for the purposes and objects for which it was designed. So also the remarks in *Bailey* v. *The Mayor* (3 Hill, 531), of NELSON, Ch. J., which are cited to the effect that municipal corporations, in their private character as owners and occupants of land, must be regarded the same as individual owners, and dealt with accordingly, must be restricted, I think, to apply only to cases where the officers do not exceed their powers. In the case of *Neuert* v. *City of Boston* (120 Mass., 338), where the corporation was held liable for damages occasioned by the negligent suspension of a telegraph wire for the use of the fire department, the wire was for the benefit of and used by the corporation, attached to a building belonging to the city, and was owned and maintained for the use of the fire department. It had also caused or authorized its removal, and hence, the injury occurred while the city had control over it and its agents were acting by its authority. In *Lee* v. *The Village of Sandy Hill* (40 N. Y., 442), the town officers were acting under a resolution of the board of trustees to remove obstructions from the street. They made a mistake and committed a trespass, but acted in entire good faith in the performance of a public duty. As they exceeded their powers while engaged in an act lawful in itself, it was held that the corporation was liable, whether the trustees were regarded as mere agents of the corporation, or the trespass was deemed the act of the corporation itself. The

case differs from one where there is an absence of authority
from the beginning and the agents were acting entirely
beyond their powers. The rule laid down in Dillon on Cor-
porations, § 780, that municipal corporations are liable for
the improper management and use of property, in the same
manner as private corporations and natural persons, must be
regarded as relating to acts done which are lawful in them-
selves, where a liability is created by reason of the result
which flows from the manner in which such acts are per-
formed, or .for a neglect of duty in the lawful care and
management of the public property, and not to cases where
there is no authority whatever to bind the corporation, and
the injury done is caused by an act which is not sanctioned
by law. The remarks cited from *Jewett* v. *The City of New
Haven* (38 Conn., 386), that where the question is whether
the principle of *respondeat superior* applies to a municipal
corporation, it should distinctly appear, in order to hold them
liable, that the service in which the party doing the mischief
was engaged at the time was private and not public, were not
required for the decision of the case ; and if they can be
considered as sustaining the doctrine contended for, cannot
be regarded as sound law. No reported case sustains the
principle, that when the common council of a municipal
corporation exceed the powers conferred by the charter of
the city they represent, by using the property of the city,
as was done in this case, for purposes not recognized by law,
that the corporation is answerable for negligence in the man-
agement of such property. Such a rule would place in the
hands of the members of the common council of a muni-
cipal corporation a power to create liabilities of the tax-pay-
ers, which is without any precedent or authority of law,
and which might be liable to great abuse. The decisions of
the courts are, we think, in a contrary direction, and the
cases establish, beyond question, that to authorize the con-
clusion that the order to the driver of the hose cart was jus-
tified by the common council, it should appear that there
was express authority in the charter, or that it was done in

pursuance of some general authority to act for the corporation in reference to the matter.    The rule on the subject is well stated in the opinion of SHAW, Ch. J., in *Thayer* v. *The City of Boston* (19 Pick., 516), as follows : " As a general rule, the corporation is not responsible for the unauthorized and unlawful acts of its officers, though done *colore officii ;* it must further appear, that they were expressly authorized to do the acts, by the city government, or that they were done *bona fide* in pursuance of a general authority to act for the city, on the subject to which they relate ; or that, in either case, the act was adopted and ratified by the corporation."    This rule is upheld in *Lee* v. *The Village of Sandy Hill* (*supra*), in the opinion of the court, as well as in other decisions.    See *The Mayor* v. *Bailey* (2 Den., 433); *Buffalo and Hamburgh Turnpike Co.* v. *The City of Buffalo* (58 N. Y., 639); *Anthony* v. *Inhabitants of Adams* (1 Metc., 284); *The Mayor* v. *Cunliff* (2 Comst., 165); *Ham* v. *The Mayor* (70 N. Y., 459); *Morrison* v. *Lawrence* (98 Mass., 219).    The case last cited is directly in point. The action was for an injury sustained by the plaintiff's intestate by the negligent firing of a rocket by the defendant's servant.    A resolution had been passed by the common council under a statute authorizing the celebration of the Fourth of July, and the yeas and nays were not taken, as required by law ; and it was held, upon this ground, that there was no claim against the corporation, without passing upon the question whether the city could be held liable, even if the purchase of the fireworks was duly authorized. If the corporation would not be liable, under such circumstances, no liability would be incurred in the case at bar, where there is an entire want of authority.    If it had power to order the driver of the hose cart, it could only do so in accordance with the statute granting such power ; and if it had no such power, the order was clearly void, and the corporation was not liable for the consequences arising from its being carried into effect.

In this case, no power was conferred upon the common

council to employ the hose cart of the corporation for any such purpose ; nor do we think that it could be justified, in pursuance of any general authority relating to the subject. Certain provisions of the city charter are relied upon as containing such authority, and it is claimed to exist under section 40, subdivision 4, which confers power to regulate sports. We think that it is quite obvious that it was not intended by the Legislature to authorize the common council to do anything more in this respect than to provide regulation for such amusements as would be likely to be given in the city by other parties. . It clearly could not have been designed to authorize this body to participate in or to conduct such amusements on behalf of the corporation ; nor does the control vested under this section over the personal property of the city, with power to make such orders as the common council deemed proper, confer any authority to perform any act which was not essential for the preservation and lawful use of such property. The provisions in the charter, contained in sections 222, 223 and · 224, relating to the fire department, also fall far short of conferring any such authority. Assuming, however, that the common. council, in making an order for a midnight parade of the fire department to celebrate the centennial anniversary of the nation, had authority under the provisions last cited, the difficulty in maintaining the plaintiff's action is the well-settled rule, that a municipal corporation is not liable for the negligence of firemen while engaged in the line of their duty : (Dillon on Mun. Cor., § 774 ; *Hofford* v. *New Bedford*, 16 Gray, 297; *Fisher* v. *Boston*, 104 Mass., 87 ; *Jewett* v. *City of New Haven*, 38 Conn., 368; *O'Meara* v. *The Mayor*, 1 Daly, 425.)

The exemption from liability, in most of the cases last cited, is placed upon the ground that the service is performed by the corporation for the public good, in obedience to law, in which it has no particular interest, and from which it derives no particular benefit in its corporate capacity ; that the members of the fire department are not the agents and servants of the city, for whose conduct it is liable, but act as

officers charged with a public service, for whose negligence, in the discharge of official duty, no action lies against the city, and the maxim of *respondeat superior* has no application.

It follows that the common council exceeded its power, in requiring that the fire apparatus and hose carts belonging to the city should be driven along the streets at midnight, and the negligence of the driver, in causing the injury to the plaintiff, was an act for which the defendant was not responsible.

The judgment should be affirmed.

All concur, except RAPALLO, ANDREWS and EARL, JJ., dissenting.

Judgment affirmed.