EDGERLY *v.* CONCORD.

A declaration for damage caused by a defective highway is not sustained by proof of a negligent act of a fireman in the highway frightening a traveller's horse.

CASE, to recover damage for personal injury, caused by obstruction in highway. October 10, 1874, the mayor and city council of Concord were engaged in testing the force and capacity of a hydrant at the intersection of Tahanto and Warren streets. The hose and hydrant were in the hands of members of the fire department, and water was being thrown under direction of the mayor upon buildings in the vicinity. The plaintiff's evidence tended to show that he was travelling with a horse and wagon on Warren street, in the exercise of due care, and, when within a short distance from the hydrant, the man handling the nozzle of the hose raised it in such way that the water in its descent fell suddenly in front of and partly upon his horse, whereby the horse was frightened, and wheeled quickly around, throwing the plaintiff out, and causing the injury complained of. The street was otherwise safe and sufficient. The defendants moved for a nonsuit, which was denied, and the defendants excepted.

The defendants requested the court to instruct the jury that the hydrant, and hose and pipe connected with it, constituted no obstruction of the highway; that the water thrown by them, falling in the highway, frightening the horse and doing damage, was not a statutory obstruction; that the obstruction meant by the statute is one caused by inert, not moving, matter; that the careless use of a hydrant, hose, and pipe does not constitute a statutory obstruction of a highway.

*George* and *Mugridge*, for the plaintiff.

*Sanborn & Clark,* for the defendant.

Doe, C. J.   The cause of action stated in the declaration is damage happening to the plaintiff, a traveller in a highway, by reason of a defect of the highway, which rendered it unsuitable for the travel thereon.   The wrong thus complained of is not the act of frightening the plaintiff's horse in violation of the plaintiff's common law right and the defendants' common law duty, but a violation of the statutory, highway right of a traveller, by a non-performance of the defendants' statutory duty of keeping the highway "in good repair, suitable for the travel thereon."   Gen. Laws, *c.* 74, *s.* 1; *c.* 75, *s.* 1.   The wrong which the plaintiff's evidence tended to prove was a movement of the hose in the hands of a fireman, throwing a stream of water suddenly in front of and upon the plaintiff's horse.   A stream of water, flowing in a street from a hydrant or other source, may in time become a defect of the street.   But the act of frightening a traveller's horse by coasting in the street, or the act of sliding against a traveller, or driving a locomotive against his carriage, is not a defect of the street, within the meaning of the highway law.   *Ray* v. *Manchester*, 46 N. H. 59; *Shepherd* v. *Chelsea*, 4 Allen 113; *Vinal* v. *Dorchester*, 7 Gray 421.   In this case, if the act of the fireman was the act of the city, evidence that the act of the city frightened the plaintiff's horse would not sustain the declaration for non-performance of highway duty.   If the defendants were liable, as a master for the negligent act of a servant in running against the plaintiff on the sidewalk, the declaration should be for the collision and not for a defective highway.   The motion for a nonsuit should have been granted. *Hand* v. *Brookline*, 126 Mass. 324; *Barber* v. *Roxbury*, 11 Allen 318; *Hardy* v. *Keene*, 52 N. H. 370.

Upon a declaration for the act of frightening the plaintiff's horse, another question would arise.   The plaintiff's evidence tended to show that the accident was caused by using the water for a purpose of the fire department,—the purpose of testing the power of the hydrant to protect its neighborhood against fire.   The experiment was the proper work of the fire department, like the trial of a steam fire engine, hose cart, or other fire-extinguishing apparatus.   Such an experiment might not be judiciously postponed till the neighborhood was on fire.   And the authorities agree that a town is not liable for damage done by the fire department.   *Hafford* v. *New Bedford*, 16 Gray 297; *Jewett* v. *New Haven*, 38 Conn. 368; *Torbush* v. *Norwich*, 38 Conn. 225; *Smith* v. *Rochester*, 76 N. Y. 506; *Howard* v. *San Francisco*, 51 Cal. 52; *Greenwood* v. *Louisville*, 13 Bush. 226; *Hayes* v. *Oshkosh*, 33 Wis. 314; *Fisher* v. *Boston*, 104 Mass. 87; *Neuert* v. *Boston*, 120 Mass. 338; *Cushing* v. *Bedford*, 125 Mass. 526; *Walcott* v. *Swampscott*, 1 Allen 101; *Buttrick* v. *Lowell*, 1 Allen 172; *Barney* v. *Lowell*, 98 Mass. 570; *Hill* v. *Boston*, 122 Mass. 344; *Maxmilian* v. *Mayor*, 62 N. Y. 160; *El-*

*liott* v. *Philadelphia*, 75 Pa. St. 347; *Pollock* v. *Louisville*, 13 Bush. 221; 2 Dillon Mun. Corp., s. 976; Cooley Torts 621. With these authorities, *Aldrich* v. *Tripp*, 11 R. I. 141, is not in conflict. The decision in that case was put on the ground that the injury complained of resulted from the careless management of a hydrant by the water commissioners, and not by the fire department.

*Verdict set aside.*

FOSTER and BINGHAM, JJ., did not sit: the others concurred.