## WAKEFIELD *v.* NEWPORT.

If a flag-staff, not the property of a town, and which it is not the duty of a town to remove, falls through the negligence of its officers or employés while engaged in its removal, a person injured thereby cannot maintain an action against the town to recover damages for the injury.

CASE.   The declaration alleges that the plaintiff, while riding along a public highway in the village of Newport, was injured by the falling of a flag-staff, which the defendants, by their selectmen, agents, and employés, were taking down; that they conducted so negligently and carelessly that the flag-staff suddenly fell across the highway, striking the carriage in which she was riding. The defendant demurred.

*H. W. Parker,* for the plaintiff. The defendants, having assumed control and management of this liberty-pole, the case falls within *Eastman* v. *Meredith,* 36 N. H. 284. If the town was not in law bound to remove this liberty-pole, which had become dangerous, having undertaken to do it and assumed the responsibility, a liability was incurred unless it was done in a safe and prudent manner. The general maxim of the common law, " that he who is damaged by a breach of duty on the part of another shall have his remedy," applies with equal force to towns and other municipal corporations as to individuals. If an individual commits a wrong, he must suffer the consequence. What is there about municipal corporations that should place them beyond the reach of the law for the wrongs they commit? Is there any reason in this distinction? If a town or city maintains an erection or structure which is a private nuisance and causes a special damage, the corporation has been held liable. *Thayer* v. *Boston,* 19 Pick. 511; *Akron* v. *McComb,* 18 Ohio 229; *Rhodes* v. *Cleveland,* 10 Ohio 159. Towns are declared to be corporations by statute, and here an injury has been suffered by the breach of the public corporate duty.

It is incumbent on towns to protect their inhabitants, and afford their citizens safety in all their intercourse with the world. It is the duty of a town to preserve peace and good order, and direct and manage generally its prudential affairs. A New England town affords the best example of a pure democracy. Can it be claimed, because a town is a public corporation, that its powers and duties are any less obligatory than the powers and duties of private corporations, like railroads, which are held liable to the injured party for injuries caused by their negligence?

It is contended that towns derive all their powers from statutes. This we deny, and the modern doctrine of the courts supports us in this view. *Anthony* v. *Adams,* 1 Met. 285.

In *Scott* v. *The Mayor, &c., of Manchester,* 37 Law and Eq. 495, by the carelessness of workmen whom the defendants employed in laying gas pipes, a piece of metal was thrown into the plaintiff's eye, and the city was held liable. So in *Delmonico* v. *The Mayor, &c., of New York,* 1 Sanf. 222, an action was maintained for damages suffered by the plaintiff from negligence of the defendants in the process of constructing a sewer. The late decisions in this state recognize this doctrine. *Gilman* v. *Laconia,* 55 N. H. 130.

In this case the liberty-pole was being taken down by the agents of the town, and was a public nuisance before it was taken down. It therefore became the duty of the town to take it down, and in doing so the law compelled the town to act in a reasonable manner; and as the case finds that the town did not conduct in this way, they must be held liable for the damage sustained by reason of such neglect.

*A. S. Wait (S. L. Bowers* with him), for the defendant. A town, being a mere *quasi* municipal corporation, is not capable of com

mitting such an act as the one for which this action is brought. The declaration is not for a defective highway, but simply alleges that the town, " by its selectmen, agents, and employés, was then and there taking down " a liberty-pole. We contend that it is not within the scope of the corporate powers of a town either to own, to put up, or to take down liberty-poles; and the taking down of a liberty-pole, by whomsoever done, whether by selectmen, agents, or servants of a town, cannot be the act of the town.   2 Dill. Mun. Cor. 23; 2 Add. Tor. 1298 ¶ 1526; *ib.* 1304 ¶ 1528; *Anthony* v. *Adams*, 1 Met. 284; *Mitchell* v. *Rockland*, 52 Me. 118—*S. C.*, 45 Me. 496—*S. C.*, 41 Me. 363; *Cuyler* v. *Rochester*, 12 Wend. 165; *Starr* v. *Rochester*, 6 Wend. 564; *Morrison* v. *Lawrence*, 98 Mass. 219; *Hollenbeck* v. *Winnebago Co.* (Sup. Ct. of Ill.), 10 Reporter 301; *Steele* v. *Boston*, 128 Mass. 583; *Bowditch* v. *Boston*, 101 U. S. 16; *Hill* v. *Boston*, 122 Mass. 344.

· The distinction between a case like that at bar and one where a town may be held liable is well shown by a comparison of the above cited cases with the following : *Hand* v. *Brookline*, 126 Mass. 324; *Scott* v. *The Mayor, &c., of Manchester*, 1 H. & N. 59—*S. C.* in error to the Exchequer Chamber, 2 H. & N. 204; *Oliver* v. *Worcester*, 102 Mass. 489.   See also observations of *Perley*, C. J., near the close of the opinion in *Eastman* v. *Meredith*, 36 N. H. 301.

Selectmen are public officers, and they are not servants or agents of the town for any such purposes as taking down liberty-poles; and in such a case the maxim *respondeat superior* has no application.   2 Dill. Mun. Cor. 884, s. 772, and cases cited; *Walcott* v. *Swampscott*, 1 Allen 101; *Hafford* v. *New Bedford*, 16 Gray 297; *Bigelow* v. *Randolph*, 14 Gray 541; *Barney* v. *Lowell*, 98 Mass. 570; *Tolman* v. *Marlborough*, 3 N. H. 57.

Although perhaps not so in point as to be decisive of this case, we refer the court, as furnishing illustrations of the doctrine for which we contend, and as really strong authorities against this action, to the reasoning in the cases of *Eastman* v. *Meredith*, 36 N. H. 284, *Gilman* v. *Laconia*, 55 N. H. 130, *Rowe* v. *Portsmouth*, 56 N. H. 291, and *Gilman* v. *Noyes*, 57 N. H. 627.

SMITH, J.   The plaintiff does not seek to recover for injuries sustained, while travelling, from a defective highway.   It is not alleged that the flag-staff was the property of the town, or that it was the duty of the town to remove it.   No action can be maintained against a town for the negligence of its officers or servants in the performance of an act which a corporation of such a character is without authority to undertake.   *Eastman* v. *Meredith*, 36 N. H. 284; *Edgerly* v. *Concord*, 59 N. H. 78, 341.

The plaintiff does not contend, in argument, that the town ordered or authorized the removal of the flag-staff.   And the selectmen, by assuming the duty of removing it, did not make their act the act of the town, or make the town responsible for their negligence.   It

is evident that the allegation that the removal was the act of the town cannot be proved, and that the plaintiff cannot recover. The relation of master and servant, or principal and agent, does not exist, and the maxim *respondeat superior* does not apply.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.