### EHLE v. TOWN OF MINDEN.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

BRIDGES—TEMPORARY STRUCTURES ON PRIVATE PROPERTY—LIABILITY FOR INJURIES.

Under the highway law (Gen. Laws, c. 19, § 16), making a town liable for all damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of its commissioners, a town is not liable for an injury alleged to be sustained through the negligence of a commissioner in the construction of a temporary bridge, under a license, on private property, to take the place of a highway bridge washed away by a freshet; the construction of such temporary bridge not being authorized by law.

Appeal from special term.

Action by William Ehle against the town of Minden. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

F. G. Kelsey, for appellant.
H. M. Eldridge, for respondent.

KELLOGG, J. This action is for damages for injuries to plaintiff's horse and person, sustained through the fall of a bridge while plaintiff was attempting to cross it with a load of hay weighing 4,299

pounds, horses weighing 2,800 pounds, and wagon weighing 1,400 pounds.. It appears that some days prior to the accident the highway bridge had been washed out by a freshet, and the highway itself had been barricaded to prevent travel in the direction of the washout. This was done by the highway commissioner. A passageway, by license of the owner of the land, had been opened through the private lands of this owner, so that teams might drive to a place on the creek and cross the creek by means of a temporary structure in lieu of a bridge. This passageway was not intended to be permanent. No other work was done upon it than the work in erecting the temporary structure, which was intended to answer for a bridge until the highway bridge could be reconstructed. This entire passageway, including the substitute for a bridge, was wholly outside the limits of the highway. The highway itself was a crossroad but little traveled. When plaintiff rested his case, I think there was sufficient evidence to warrant a finding by the jury that Emory Walrath, the commissioner of highways of the town of Minden, procured the license from the landowner for this passageway, and erected the structure over the creek. I do not, however, think the town was liable, for the reason that this was not a public highway, nor was it a bridge in or over a public highway, nor was it one which it was the duty of the highway commissioner to provide, nor one upon which he had the right to expend the funds of the municipality. It was wholly outside the limits of the commissioner's jurisdiction, entirely on private grounds; and in the procurement of the license, and in the construction of this substitute for a public highway and a public bridge, he acted as a volunteer, and not as a highway commissioner. That this was not a public highway, and not a bridge in the public highway, was well known to the plaintiff. It was obvious to any one there passing in the daytime, and especially obvious to plaintiff, who was familiar with this highway from frequent driving over it before the washout. It is only for the misfeasance or nonfeasance of the highway commissioner when acting within the scope of his official duties that the town is liable. The language of the statute is as follows (section 16 of the highway law; chapter 19, Gen. Laws):

"Liability of towns for defective highways. Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town."

It is under this statute that plaintiff must recover against the town, if he recovers at all. It will be noted that the neglect here for which recovery against the town is authorized is neglect touching defects existing in the town's highways and bridges, not defects in private bridges, or bridges on private property, over which the town has and can have no control or jurisdiction. It is only the public highway which can be barricaded for the traveler's protection. It is only within the limits of the town's highways that the commissioner can exercise his official functions. The commissioner's duties are plainly and specifically imposed and pointed out in the highway law, and his duties here imposed are the exact measure of his powers. Nowhere, in

words or by implication, is the duty imposed or the authority conferred of erecting temporary passageways over private lands, or erecting structures along those passageways in lieu of bridges in the town's highways. Nor is there any power in any town officer or board of town officers to authorize the highway commissioner to do this. This passageway and temporary structure, it will be observed, was in no way a means to the construction of a highway bridge. It was not a necessary act in the reconstruction of the washed-out bridge. No duty is imposed upon the commissioner to facilitate the public travel, beyond the construction in a reasonable time, of a bridge in the town's highway to replace the one destroyed. The question cannot arise in this case as to the commissioner's duty to warn the public that this passage was not a public highway, because the plaintiff knew it. He knew it before he attempted it. It is an ancient rule, and the courts declare it a sound rule, that, to charge a person or a municipality with negligence respecting a public work, the law must have imposed the duty, so as to make failure in performance culpable. The duty here imposed relates solely to defects in the town's roads and bridges, and none others. As this was not a town road or bridge, the town cannot be held for any neglect in its construction, and that is the sole neglect charged in the complaint. There is no charge of failure to barricade against a danger, or failure to warn plaintiff that this was not a town highway. Where the duty of erecting and maintaining bridges is imposed upon a county, as is the case in some states, it has been declared that the county is liable only for the class of bridges which the statute requires or authorizes it to build and maintain. Taylor v. Davis Co., 40 Iowa, 295; Moreland v. Mitchell Co., Id. 394; Long v. Boone Co., 32 Iowa, 181. In City of Albany v. Cunliff, 2 N. Y. 165, Cady, J., after stating the rule of liability of a person or municipality to be confined in public works to the class of acts within the field of statutory duty imposed, says:

"Suppose a traveler on a public road comes to a narrow and deep stream, which he cannot cross without a bridge, and he immediately goes to work and makes a bridge, over which he and his horse and wagon pass, and shortly after another traveler attempts to pass over with a span of horses and wagon, but unfortunately the bridge breaks down, and both his horses are drowned. Has he a remedy against the man who built the bridge? Why not? Because the law had imposed on him no duty to build it, and so I apprehend the law to be in relation to the defendants. If the law had imposed on them no obligation to construct the bridge, or to widen and enlarge the draw therein, they must be regarded as mere volunteers, and in no way responsible to the plaintiff for what they did or for what they neglected to do."

This was a case of a bridge built over the Hudson river by the city of Albany under an unconstitutional act, which fell, from faulty construction, after the public had begun to travel over it. The judgment of the court of appeals is placed squarely on the ground that the city had no authority to build the bridge, and the act of the officials could not make the city liable, because ultra vires. Savage, J., says:

"It was said, however, that the assent of the common council estopped the corporation from raising this objection [lack of authority]."

Admitting the principle to be true as applied to individuals, he further says:

"But it is, I conceive, different with a corporation. There the officials act for their constituents, who have to pay, when they are responsible at all, and such officers are limited in their legitimate action to the powers conferred by their charters. So long as they confine their agency to such powers, their constituents are responsible for their misfeasance or carelessness. * * * The rule, although it may sometimes operate harshly, is a safe and sound one, and should be applied uniformly to all cases of misconduct in persons acting in a representative character, where they travel beyond their legitimate powers."

Commenting upon this case, Miller, J., in Sewell v. City of Cohoes, 75 N. Y. 51, 31 Am. Rep. 418, says:

"It will be seen that no duty was imposed upon defendant to build the bridge in question, and, as the law conferred no authority, there could be no liability."

The court, in Smith v. City of Rochester, 76 N. Y. 506, declares the rule as stated in the headnotes of the case:

"To establish the liability of a municipal corporation for damages resulting from the alleged negligence or want of skill of its agent or servant in the course of his employment, it is essential to show that the act complained of was within the scope of the corporate powers. If outside of the powers of the corporation as conferred by statute, the corporation is not liable, whether its officers directed the performance of the act, or it was done without any express direction."

It is misleading to give to the acts of every person having a little brief authority an official character, though professed to be done by color of office. The fact that it is so done does not make a prima facie case. It must be shown by every complainant that the act was in fact authorized, respecting a public work, and always this burden is upon the plaintiff.

Without giving any expression on the question of contributory negligence, I am of opinion that plaintiff's complaint was, for the reasons stated, properly dismissed, and the judgment should be affirmed, with costs. All concur.