THE CITY OF LAFAYETTE and Others *v.* BUSH AND WIFE.

A city, organized under the general law for the organization of cities, can not be enjoined from changing the grade of a street, or making any alteration therein, which causes consequential damages only to the adjoining proprietor, his property not being appropriated, although such damages have not been assessed and tendered.

Such consequential damage is not within the act for the incorporation of cities, which provides for assessing damages in certain cases; nor is it within the constitutional provision, that private property shall not be taken for public uses, without compensation first assessed and tendered.

But where a city desires to appropriate the real property of a citizen to the purposes of a street, the city must first comply with the provisions of the law, as to the assessment and tendering of damages to the owner.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—This was an action by *Bush and Wife* against *The City of Lafayette,* and those acting under her, to enjoin the city from using and appropriating certain lots of *Mrs. Bush,* to the purpose of a street, no compensation having been assessed or tendered. An injunction was granted, to operate until the final hearing, and from the interlocutory order thus granting an injunction, this appeal is taken.

It is now well settled, that a city can not be enjoined from changing the grade of a street, or making any alteration

therein, which causes consequential damages only to the adjoining proprietor, his property not being appropriated, although such damages have not been assessed and tendered. Such consequential injury is not within the act for the incorporation of cities, which provides for assessing damages in certain cases; nor is it within the constitutional provision, that private property shall not be taken for public uses, without compensation first assessed and tendered. *Macy* v. *The City of Indianapolis*, and authorities there cited, 17 Ind. 267.

Such, however, is not the case before us. Here the city is appropriating parts of the lots of *Mrs. Bush*, to the purposes of a street, and digging and excavating them for that purpose. Provision is made for assessing and tendering damages in such cases, and the city can not thus appropriate the property of the plaintiff, without first complying with such provision. 1 G. & H. Stat., p. 231, sec. 59, *et seq.*

*Per Curiam.*—The judgment below is affirmed, with costs.

*R. C.* and *J. Gregory*, for the appellants.

*Huff* and *Jones*, for the appellees.