## The City of Indianapolis *v.* Tate.

CITY.—*Drainage.*—The same questions are raised in this case as in the case of *The City of Indianapolis* v. *Lawyer,* 38 Ind. 348, and the decision is the same.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—This was an action brought by Tate against the City of Indianapolis, to recover damages for an alleged overflow of his premises by reason of a defective sewer.

The complaint alleges that the plaintiff was the owner of, and in possession of, certain real estate in said city; that he had erected thereon a large planing mill, and door and sash factory, while on the rear part thereof he had erected three large drying houses, in which he dried or seasoned lumber used in the factory; that the common council had established and constructed a system of drainage and sewerage by which all the water north of Washington street, east of Pennsylvania to East street, and as far north as the limits of

the city extend, being a space of six hundred acres, was drained and made to pass down the west side of New Jersey street, in front of plaintiff's lumber yard and factory, through a covered drain or sewer under the railroad tracks, into Pogue's Run; that said council and engineers also established and fixed the grade of the street and sidewalk on South New Jersey street, in front of plaintiff's property, some two feet above the surface of his lots; that the defendant so negligently and unskilfully built, provided, and established the drain or sewer passing in front of his property, that said drain or ditch leading to the covered sewer under the railroad tracks was wholly insufficient to conduct and carry away the water that was carried into it as mentioned; that the said covered sewer passing into Pogue's Run under the railroad tracks was so small and so negligently built and constructed, that the great amount of water that was brought to it during heavy rains, by means of the said system of drains and sewers, could not pass out into the run; that the grade of the railroad tracks was fixed by the said council and engineers, and was then under the power and control of said council, and was so much higher than the sidewalk on the west side of New Jersey street as mentioned, that the water was thrown back, and over the sidewalk into and over plaintiff's premises; that said drain and sewer were so negligently and unskilfully built, that they failed to perform the office for which they were constructed; that by reason of the insufficiency of said drain and sewer, said plaintiff's premises were repeatedly overflooded with water, without the fault of the plaintiff, to wit, on the following days: at every ordinary rain for two years prior to the beginning of this action, the precise date of which cannot be given, and at other times; that at each flood, the plaintiff's factory and the machinery therein were injured, while the lumber in said factory and in the drying houses was spoiled and greatly injured, and the fires in his drying houses put out, and the furnaces destroyed, and he was at each time compelled to stop work in his factory for several days, there-

by losing large profits, namely, three thousand dollars, for which he prays judgment.

The second paragraph is substantially the same as the first, only more particularly setting forth the alleged injuries, and the manner of their occurrence.

The defendant pleaded the general denial and several other paragraphs of answer, which need not be further noticed. There was a trial by jury, and a general verdict for the plaintiff, and answers to interrogatories, on which, notwithstanding a motion by the defendant for a new trial, the court rendered final judgment for the plaintiff.

The only error assigned in this court is the refusal of the common pleas to grant a new trial.

This case is like the case of *The City of Indianapolis* v. *Lawyer*, 38 Ind. 348, except that in that case there was a demurrer to the evidence, and in this the question is upon the sufficiency of the evidence to justify the verdict of the jury.

The questions in the two cases are the same, and they must be decided in the same way.

The judgment is affirmed, with costs.

*J. S. Harvey*, for appellant.

*J. T. Dye* and *A. C. Harris*, for appellee.