BROWNING *v.* THE BOARD OF COMMISSIONERS OF OWEN COUNTY.

BOARD OF COMMISSIONERS.—*Bridge over Stream Forming County Line.*—*Statute Construed.*—Under the act of May 14th, 1869 (3 Ind. Stat. 59), where a stream is the boundary between two counties, the commissioners of one of the counties have no authority to erect a bridge across such stream, without the concurrence of the board of commissioners of the other county.

SAME.—*Contract Without Authority of Law.*—A county cannot be made liable for acts of her board of commissioners wholly outside of the power conferred by law upon such boards.

From the Owen Common Pleas.

*J. W. Buskirk*, for appellant.

*C. F. McNutt* and *G. W. Grubbs*, for appellee.

OSBORN, J.—The appellant sued the appellee, and in his complaint alleges that he is the owner of a public ferry established by due process of law, across White River, at the town of Gosport, which stream is the boundary between the counties of Owen and Monroe; that he is also the owner of the landing of said ferry on both sides of the river and of the land adjoining the landing of the ferry in Monroe county; that the appellee, by an order duly passed, ordered and directed the erection of a bridge across the river at Gosport, and in pursuance of the order proceeded to locate, and is engaged in erecting, the bridge upon the line of his ferry and upon his land, one of the abutments of the bridge being erected on the landing of the ferry in the Monroe county end thereof, and the piers being in the direct line of his ferry, thereby depriving him of the use and benefit of his ferry and land; that according to the terms of the order of the appellee it is to be when completed a "free bridge," which renders wholly worthless to him his ferry across the stream; that before the seizure thereof by the appellee, the appellant was in the actual possession of the ferry landing, land, and ferry right, each of which is of the value of $1000; that the action of the appellee is illegal and void, for the reason that the stream being the boundary between the

counties of Owen and Monroe, the same could not have been legally bridged without the concurrence of Monroe county obtained in the manner provided by an act approved May 14th, 1869 (3 Ind. Stat. 59); that the county of Monroe did not so concur in the erection of the bridge, but, on the contrary, refused to join in such erection. He demanded judgment for five thousand dollars.

A demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, was filed and sustained. The appellant excepted, refused to amend, and final judgment was rendered against him, and for costs.

The error assigned is in sustaining the demurrer.

The act of May 14th, 1869, provides, that when public convenience shall require the erection of a bridge across any stream forming the boundary line of two counties, the board of county commissioners may, if they deem it expedient, declare their willingness to aid in the erection of such bridge by resolution or order, and cause notice thereof to be given to the board of commissioners of the other county interested therein; and whenever it may be ascertained that the boards of commissioners of both counties have made such order or resolution, the two boards shall, by concurrent resolution, cause a survey and estimates to be made, submitting plans and specifications therewith by some competent person, to be presented to their respective boards at some specified time and place at or near the site of such contemplated bridge, when they shall meet in joint session to estimate and determine the kind of bridge which shall be erected and the manner and time when payments shall be made therefor. The two boards, while in joint session, shall appoint one or more persons as superintendents for the erection of the bridge, subject to the regulations of the boards of commissioners. It is also made their duty, in joint session, to make appropriations for the cost of the construction in the manner specified. The act provides, that all taxes levied for the erection or repair of the bridge shall be levied in accordance with the act; that each county shall be regarded as the owner of an

interest in the bridge, and each shall have a voice in regulating the use thereof.

Under that act the county commissioners of Owen county had no authority to erect the bridge mentioned in the complaint, without the concurrent act of the commissioners of Monroe county. It was not within the scope of their authority to act alone. The allegation in the complaint is, that the board of commissioners of Monroe county not only did not concur in the erection of the bridge, but refused to join in it. The act of the board of county commissioners was wholly unauthorized by law. It cannot be said that it was done under color of law.

The question is presented, can the county be made liable for acts of her board of commissioners wholly outside of the powers conferred upon such board?  "To create such a liability, it is fundamentally necessary that the act done which is injurious to others must be within the scope of the corporate powers as prescribed by charter or positive enactment (the extent of which powers all persons are bound, at their peril, to know); in other words, it must not be *ultra vires* in the sense that it is not within the power or authority of the corporation to act in reference to it under any circumstances. If the act complained of lies wholly outside of the general or special powers of the corporation as conferred in its charter or by statute, the corporation can in no event be liable, whether it directly commanded the performance of the act or whether it be done by its officers without its express command; for a corporation cannot, of course, be impliedly liable to a greater extent than it could make itself by express corporate vote or action." Dillon Municipal Corporations, secs. 766, 767, 768, and notes.

In *The Mayor, etc., of Albany* v. *Cunliff*, 2 Comst. 165, it was held that when the officers of the city assumed to build a bridge under the authority of an unconstitutional law, and the bridge fell in consequence of the negligent construction thereof, the city was not liable to an action at the suit of a person injured by the accident. It was said that where the offi-

cers act within the power conferred upon them, their constituents are responsible for their misfeasance or carelessness, for the reason that they have selected the officers and intrusted them with the performance of the duties. But that it could not be said that the voters intend that their officers should exceed their legitimate powers; and should they do so, whatever may be the rule as to themselves, their constituents should not be held liable for the consequences.

*Cuyler* v. *Trustees of Rochester,* 12 Wend. 165, was an action to recover for property taken for a street. The charter prohibited the trustees from laying out or widening a street so as to run over or across the site of any building, the expense of removing which should exceed $100. It was shown that the street as altered run across the site of a building, the expense of removing which exceeded that sum; and although it was admitted that the owners waived any objection to the alteration, so far as the jurisdiction of the trustees was concerned, it was held that the whole proceeding was a nullity, for the want of jurisdiction of the trustees to act, and that the action would not lie. It was said that the trustees, in executing the duties imposed upon them by law, act as agents of the corporation, and the latter can be bound only when they act within the scope of their powers. All the powers granted are to be executed through the instrumentality of agents, and all suits against the corporation in the corporate name, though in form against the trustees, are against the principals, who, like other principals, may defend themselves, on the ground that the act by which they are sought to be made responsible was done without authority.

In *Boom* v. *The City of Utica,* 2 Barb. 104, it was held that the officers of a corporation are the mere agents of the corporation, and when they transcend the boundaries prescribed for them by the statute, the corporation is no more bound by their acts than any individual is bound by the unauthorized acts of his agent. To the same effect is *Anthony* v. *Inhabitants of Adams,* 1 Met. 284; *Boyland* v. *The*

*City of New York,* 1 Sandf. 27, and many others which it is unnecessary to cite.

This is not a case where the authority existed to do the act complained of, and where it has been defectively or irregularly executed or performed, to the injury of the person complaining; but there is an entire want of authority to act in the premises except jointly with the county of Monroe, and it is shown that no such joint action was taken. It follows that the appellee is not liable, and that the demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.