Cummins *v.* The City of Seymour.

———◆———

No. 9027.

CUMMINS *v.* THE CITY OF SEYMOUR.

CITY.— *Highway Outside Boundaries.*— *Drainage.*— *Damages.*— *Consequential Injuries.*—A municipal corporation has authority to use a public way lying outside of its boundaries, for the purpose of drainage, without paying or tendering damages to adjacent property owners, and for consequential injuries resulting from the proper and reasonable exercise of such authority there can be no recovery.

SAME.—*Street Improvements, Authority to Make.*—A municipal corporation is not bound to let all public work to contractors; but sewers, bridges and the like may be built by the officers of the city, if the governing corporate officers deem it expedient. *City of Delphi* v. *Evans,* 36 Ind. 90, explained.

SAME.— *Care, Diligence and Skill.*—Where municipal improvements are made with ordinary care, diligence and skill, the corporation is not responsible for injuries resulting to adjacent property.

SAME.—*Duty of Officers.*—*Presumption.*—Until the contrary appears, the officers of a public corporation are presumed to have done their duty.

PLEADING.—*Material Facts.*—Material facts essential to the existence of a cause of action should be positively alleged, and not left to be gathered by mere conjecture, nor should they be stated by way of recital.

SAME.—*Obstruction of Highway.*—That the obstruction of a highway, complained of by an abutter, is permanent, is a fact material to his cause of action.

SAME.—*Defect in Plan.*—A municipal corporation is liable for injury resulting from a negligent error in the plan of a drain or sewer.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellant.

*F. T. Hord* and *W. B. Hord,* for appellee.

ELLIOTT, C. J.—Lands lying near but outside of the cor-
porate limits of the city of Seymour were laid off into lots,
and streets and highways provided for. After the lots had
been laid off and a plat made, appellant became the purchaser
of one of the lots abutting upon a public way extending into
the city of Seymour; improvements were made by him on his
lot, and a fence constructed along the line of the public way.
Sometime afterwards the municipal authorities caused a wide
ditch to be dug along the side of the way and did this with-
out having tendered the appellant any compensation. In con-
structing this ditch large quantities of earth were thrown out
upon the highway, and by this act the corporation obstructed
the way and destroyed the grade. The ditch receives the
waters of a stagnant pond and conducts them past the appel-
lant's property, and also receives and carries off noisome
fluids from the gutters and drains of the city, and from the
drains of a woollen mill situated within the corporate limits.
Noxious and unwholesome smells arise from the fluids col-
lected in the ditch and spread over the appellant's land and
house, rendering his house unhealthy and making it impossi-
ble for him to rent his property. Before the construction of
the ditch no noisome fluids flowed by appellant's land, and
from that annoyance it was entirely free. The natural flow-
age of the drainage of the city of Seymour, and of the waters
of the stagnant pond, was changed by the construction of the
ditch, and the drainage of the city and the waters from the
pond made to flow by the appellant's land. We have omit-
ted the epithets and merely formal statements of the appel-
lant's complaint, but have given in the foregoing synopsis
the material facts which it contains. A demurrer was sus-
tained to the complaint, and this appeal requires us to decide
whether this ruling was right or wrong.

We agree with appellee's counsel that the general rule is,
that a municipal corporation is not responsible for the negli-
gence of an independent contractor. *Ryan* v. *Curran*, 64 Ind.
345; 2 Dill. Munic. Corp., 3d ed., secs. 1028, 1029. But this

rule furnishes the appellee no assistance in the assault upon the complaint. The allegation is that the acts complained of were done by the officers and servants of the corporation.

It is well settled that the doctrine of *respondeat superior* applies as well to public as private corporations. The difficulty of determining who are officers and servants is much greater in the one case than in the other, but there is no doubt at all as to the applicability of the rule to municipal corporations. The confessed allegations of the complaint make it clear that the relation of principal and agent and of master and servant existed between the appellee and those employed in opening the ditch.

A municipal corporation is not bound to let all public work to contractors. There is no such a requirement in the general act for the incorporation of cities. Sewers, bridges, and the like, may be built by the officers of the city, if the governing corporate officers deem it expedient. There are many provisions in the general act conferring full authority upon cities to do such work through their own officers and servants. As shown in *City of Aurora* v. *Fox*, 78 Ind. 1, the expressions in *The City of Delphi* v. *Evans*, 36 Ind. 90, indicating that all public work must be let to contractors, are not correct statements of the law, and did not constitute any part of the decision of the court. It is very evident that the court did not concur in the views upon this subject of the judge by whom that opinion was prepared. It can not be correctly held that the appellee could not have done the work described in the complaint through its own officers and servants. The power to so perform the work the corporation unquestionably possessed, and the complaint explicitly avers that it was done by the corporate officers, agents and servants.

We yield full assent to the doctrine, that consequential injuries resulting from the construction of municipal improvements in the streets of the city, such as drains and sewers, are not within the provisions of the constitution prohibiting the taking of private property for public use without compensa-

tion first paid or tendered. We fully approve the rule, that where municipal improvements are made with ordinary care and skill, the corporation is not responsible for injury result-- ing to adjacent property. *Weis* v. *The City of Madison*, 75. Ind. 241; *Macy* v. *The City of Indianapolis*, 17 Ind. 267;. *The City of Lafayette* v. *Bush*, 19 Ind. 326.

For an error in the exercise of a legislative power, a mu-- nicipal corporation is not liable; nor is it liable for failure to undertake public improvements unless such improvements are made necessary by some act of its own. *Stackhouse* v. *The City of Lafayette*, 26 Ind. 17; *The City of Logansport* v. *Wright*, 25 Ind. 512; *Roll* v. *The City of Indianapolis*, 52 Ind. 547. Where, however, ministerial acts are undertaken, the corporation is bound to the exercise of reasonable skill and ordinary care. For a failure to exercise such skill and care, the corporation is liable to one who suffers injury because of the negligent omission to use the requisite degree of care and skill.

It has been a much debated point whether a municipal corporation is liable for a negligent error in the plan of a drain or sewer. It is conceded on all sides, that there is liability where there is want of skill or care in the mechanism; but there are very many cases holding that there is none where the defect is in the plan. As shown in *Weis* v. *The City of Madison, supra,* our cases have uniformly held that the corporation is liable for a negligent error in the plan. *The City of Indianapolis* v. *Huffer,* 30 Ind. 235; *The City of Indianapolis* v. *Lawyer,* 38 Ind. 348; *The City of Indianapolis* v. *Tate,* 39 Ind. 282. The opinion expressed by Judge Dillon, in the last edition of his work, is in harmony with the decisions of this court, as is fully evidenced by the extract quoted in *Weis* v. *The City of Madison, supra.* We are not disposed to depart from the rule which has so long prevailed in this State. We are satisfied that it is a sound and salutary one, and we know that it is growing in favor with the text-writers and the courts. A slight change in the facts of the

case in hand would make it a striking illustration of the wisdom of the rule. Let it be added to the facts stated, that the ditch is to be a permanent one, occupying ten feet of the way, with banks on each side four or five feet high and as many broad, thus occupying the entire way, and rendering it unsuitable for travel. If the facts supplied by our supposition were all in the complaint, we think the plainest principles of justice would require that relief be granted adjoining pro-- prietors. One would think that the property owner was quite as seriously injured by the lack of skill in devising the plan as he could possibly be by any want of care or skill in the performance of the work. Whether the unskilfulness of the plan or the negligent manner of executing it destroyed the highway the injury would be the same. The true rule, reasonable in itself and just in its results, is, that the skill and care must extend both to the plan and its execution. The appellee's contention that an action will not lie where the only want of skill is in devising the plan can not prevail.

A municipal corporation, having authority to construct a drain or sewer in a public street, must necessarily be allowed a reasonable time in which to do the work, and must also be allowed to obstruct the street for a reasonable length of time, although inconvenience and injury may result to citizens and property. Having a right to do the work, the corporation must have all the incidental powers necessary to effectuate the principal power. But, in performing the work, the corporation acts ministerially and must proceed with ordinary diligence, skill and care. The work must be prosecuted with reasonable diligence, for the corporation has no right to obstruct the public highways for an unreasonable length of time. The diligence required is not confined merely to the skill and care required to do the work properly and make it safe, but it also extends to the time within which it must be done. The complaint before us does not show that the corporation is not prosecuting the work with reasonable diligence. It does not show that the obstruction of the highway

is intended to be a permanent one. For anything that appears reasonable diligence was exercised. There is nothing to show that the corporation does not intend to make the public way safe and convenient for travel. It may well be inferred that the corporation will complete the drain in a proper manner, and leave the highway in good condition. It does not even appear that the ditch is a permanent one or that it is to be kept open. It can not be presumed for the purpose of making out a cause of action in favor of appellant, that the corporate officers will violate the law and perpetrate a wrong. The presumption is the reverse. Until the contrary appears the officers of a public corporation are presumed to have done their duty. *Sims* v. *The City of Frankfort, ante,* p. 446.

Material facts essential to the existence of a cause of action should be positively alleged. They should not be left to be gathered by mere conjecture, nor should they be stated by way of recital. *Jackson School Tp.* v. *Farlow,* 75 Ind. 118.

The appellant contends that the municipal authorities have no power to put ditches or drains in highways outside of the city limits, and that it is, therefore, not necessary for the complaint to show that there was lack of diligence, skill or care in the performance of the work. If appellant is right in his assumption that the corporate officers had no power to construct the drain outside of the city limits, his case is at an end, for he can not maintain an action against the municipality. This doctrine is thus expressed in *Smith* v. *The City of Rochester,* 76 N. Y. 506: "The doctrine is well settled, that municipal corporations are within the operation of the general rule of law, that the superior or employer must answer civilly for the negligence or want of skill of an agent or servant in the course of their employment, by which another is injured. It is essential, however, to establish such a liability that the act complained of must be within the scope of the corporate powers, as provided by charter or positive enactment of law. If the act done is committed outside of the authority and

power of the corporation as conferred by statute, the corporation is not liable, whether its officers directed its performance, or it was done without any express direction or command." The leading American case upon this subject is that of *The Mayor, etc.,* v. *Cunliff,* 2 N. Y. 165, and this court has in many cases given its approval to the rule there declared. In *Browning* v. *The Board, etc.,* 44 Ind. 11, the court cited with approval the case named and many others, and declared that the officers of a corporation are the mere agents, and, where they transcend the boundaries prescribed for them, the corporation is no more bound by their acts than any individual by the unauthorized act of his agent. In the earlier case of *Johnson* v. *Common Council, etc.,* 16 Ind. 227, the same general principle was recognized and enforced. In the later case of *Haag* v. *The Board, etc.,* 60 Ind. 511, the doctrine of *Browning* v. *The Board, etc.,* is approved and the statement of the rule made by Judge Dillon is recognized as a correct enunciation of the law. In the latest case upon this subject, that of *The Driftwood V. T. Co.* v. *The Board, etc.,* 72 Ind. 226, the principle stated found full and forcible recognition, all the more forcible because of the sharply defined distinction there made between officers of public corporations and agents of private ones. If appellant's proposition, that the city officers wrongfully went outside of the corporate limits, could be maintained, it would defeat his action; he would, in that event, "be hoist by his own petard." But his proposition can not be sustained.

The municipal officers have power to construct drains in public highways outside of the city limits. It is provided in subdivision 26 of section 53 of the act for the incorporation of cities, that the corporate authorities, "for the purpose of drainage of such city, may go beyond the city limits and condemn lands and materials and exercise full jurisdiction, and all the necessary power therefor." There are other provisions in the act conferring authority upon municipal officers to go beyond

the corporate limits for the purpose of doing acts essential to the public welfare.

The question next encountered is whether the municipal corporation has a right to use a public way lying outside of its boundaries, for the purposes of drainage, without paying or tendering damages to adjacent property owners. We have already seen that it has been long and firmly settled, that a municipal corporation is not liable for consequential injuries, resulting from improvements made in or upon the streets of the corporation to property abutting upon the streets of the municipality. We are now to inquire whether a different rule obtains where the injury results from the construction of drains in highways which lie outside of the corporate limits.

Highways, whether within or without the limits of a municipal corporation, are subject to legislative control, provided that their character as highways may not be entirely divested. In *The Common Council of Indianapolis* v. *Croas*, 7 Ind. 9, it was held that an abutter has a private right distinct from that of the public, which the Legislature can not take away. This doctrine has often been approved. *Haynes* v. *Thomas*, 7 Ind. 38; *Tate* v. *O. & M. R. R. Co.*, 7 Ind. 479; *Protzman* v. *Indianapolis, etc., R. R. Co.*, 9 Ind. 467; *State* v. *Berdetta*, 73 Ind. 185. It is not, however, to be inferred from this doctrine, that public highways may not be used for public purposes other than that of travel, although this is undoubtedly the primary purpose for which highways are established. It may be, and probably is true, that no public use can be authorized which will deprive the way of its character as a public road, which every citizen has a right to use for the purpose of travel. Subordinate to this one great and primary purpose are other uses which may lawfully be made of a highway. An American writer says:

" The power of the public, or of municipal corporations acting in the public behalf, over highways, is not restricted to their use for the mere purpose of transit. It extends to the promotion of the public convenience by the laying of water-

pipes and gas-pipes in the streets of cities; and to the promotion of the public health by the construction of drains and sewers, or making any other changes therein. And any injury which results to individuals from such a use of the public streets, unless there be a lack of proper care, is *damnum absque injuria.* Thus, it has been decided that a city has the right to fill up a watercourse, if that be the best means of remedying a nuisance which it occasions, and that the fact, that a riparian proprietor is thereby deprived of his right to pass and repass upon the watercourse from his land to the sea, or is damnified by the noisome smells generated by the stagnation of the water, does not entitle him to damage. Such a proceeding stands on the same footing as quarantine or fire regulations, from which, if the individual receives damage, the law presumes him to be indemnified by sharing their advantages, and holds it to be *damnum absque injuria.* And it makes no difference though the regulations thus made be of such a character as to suspend the enjoyment of the property in the sole mode in which the party plaintiff is entitled to use it." Angell on Highways, section 216.

There are many authorities cited in support of the text, but we do not deem it necessary to approve or disapprove of the extent to which the doctrine is carried by the author, but we do sanction his statements in so far as they declare that many public uses other than that of travel may be made of highways without entitling adjoining proprietors to compensation. Judge Dillon says that the highways of a State are under the paramount and primary control of the Legislature, and that they may be devoted to other public uses than those of travel. 2 Dillon Munic. Corp., sections 656, 688. It is clear upon principle as well as authority, that the Legislature may delegate power to municipal corporations to make use of highways for the purpose of drainage. In such a case the municipality is in some sense the agent of the State. It was said by the Supreme Court of the United States, in *Transportation Co.* v. *Chicago,* 99 U. S. 635, that "It is undeniable that in making

the improvements of which the plaintiffs complain" (constructing a tunnel) "the city was the agent of the State, and performing a public duty imposed upon it by the Legislature; and that persons appointed or authorized by law to make or improve a highway are not answerable for consequential damages, if they act within their jurisdiction and with care and skill, is a doctrine almost universally accepted alike in England and in this country." Further on in the same opinion, it is said:

"The State holds its highways in trust for the public. Improvements made by its direction or by its authority are its acts, and the ultimate responsibility, of course, should rest upon it. But it is the prerogative of the State to be exempt from coercion by suit, except by its own consent. This prerogative would amount to nothing if it does not protect the agents for improving highways which the State is compelled to employ. The remedy, therefore, for a consequential injury resulting from the State's action through its agents, if there be any, must be that, and that only, which the Legislature shall give."

Judge COOLEY maintains the general doctrine, that consequential damages, flowing from the construction of public improvements, will not give a right of action. Cooley's Const. Lim. 676 (4th ed). It must be held upon principle as well as upon authority, that the Legislature may authorize the reasonable use of highways by a municipal corporation for the purposes of drainage, whether such highways are within or without the territorial limits of the corporation. If this be correct, then it must follow that for consequential injuries, resulting from the proper and reasonable exercise of such authority, there can be no recovery, since to hold otherwise would be to declare that for the performance of a lawful act in a lawful manner a public corporation may be treated as a wrong-doer, and as such mulcted in damages. It would violate all principles of logic as well as of law to hold that one who had committed no tortious act, but had done what the law authorized and in the manner prescribed by law, should be held to the same responsibility as are those who are guilty of actionable torts.

The complaint, as we have seen, is not so framed as to show that the drain is a permanent one, destroying the whole highway for the purposes of travel, and we are not, therefore, called upon to decide whether a highway can be taken and so used for drainage purposes as to cut off all means of ingress and egress to and from abutting lands. Judge COOLEY cites our own and other cases holding that abutters have a private right distinct from the public, of which they can not be deprived without compensation. Const. Limitations, 4th ed., 679, n. 1. It is a very grave question whether the entire destruction of a highway by conversion into an open drain is not such an invasion of private right as to give a complete cause of action. But, as the complaint fails to properly show a permanent occupancy of the way, we regard this question as not fairly in the record.

We have no difficulty in agreeing with appellee's counsel, that one who sustains an injury in common with the public from the obstruction of a highway can not maintain a private action. This rule is as old, at least, as *Fincux* v. *Hovenden*, Cro. Eliz. 664, where there was an unlawful obstruction of a public way, and it was held that, " without a special grief shown by the plaintiff, the action lies not, but it is punishable in the leet." Our own court has recognized and enforced this doctrine. *McCowan* v. *Whitesides*, 31 Ind. 235. But, while this is sound doctrine, it is equally well settled that where one does sustain a special injury, different in character from that sustained by the public, he may have his action. *Ross* v. *Thompson*, 78 Ind. 90. It is undoubtedly true that the special injury is the gist of the action, and that facts showing such an injury must be alleged. Where it appears that lands abut upon a highway, and that the highway supplies the only means of ingress and egress, and that the obstructions permanently destroy the way, a special injury is shown. *Ross* v. *Thompson, supra,* and authorities there cited. If a person is by an unlawful act deprived of all means of getting to and from his property, he suffers an injury different not only in degree, but

in kind, from other citizens. The right to free passage upon a highway is a common right, to be vindicated otherwise than by a private action; but the unlawful destruction of the means of access to private property affects the individual owner, and not the public. A right of access to one's own property is a private right to be vindicated by a private action or not at all. We are not, of course, speaking of cases where the access is made more difficult or the route more circuitous, but of cases, such as the complaint attempts to make, of total deprivation of the right. But we come again to the infirmity in the complaint. We can not conclude as matter of law from the facts stated, that there is anything more than a reasonable and temporary use of the highway for a lawful purpose.

The judgment must be affirmed.