Stout v. The Noblesville and Eagletown Gravel Road Company.

———————◆———————

No. 9773.

STOUT v. THE NOBLESVILLE AND EAGLETOWN GRAVEL ROAD COMPANY.

GRAVEL ROAD.—*Damages for Abandonment of.*—A citizen who has suffered no special damage by the abandonment and failure to maintain a portion of a gravel road, and whose interest in the matter is merely such as pertains to others in the same vicinity, can not maintain a private suit against the company for damages; nor will the fact that his lands have been assessed for the construction of the road change this rule.

From the Hamilton Circuit Court.

*J. Stafford* and —— *Boyd*, for appellant.

*W. Garver* and *R. Graham*, for appellee.

FRANKLIN, C.—Appellant sued appellee for abandoning and failing to keep in repair a portion of its road.

The complaint is in two paragraphs.

Demurrers were sustained to both.

The errors assigned are upon the rulings on the demurrers.

The first paragraph of the complaint substantially states that the appellee was organized as a corporation in the year 186–, for the purpose of building and maintaining a gravel road from Noblesville to Eagletown in Hamilton county, Indiana, a distance of ten miles; that he then was, and now is,

a resident of said county, and then owned and still owns real estate upon which he then resided and still resides, situate within one-half mile of Eagletown, the western terminus of said road; that under the statutes of 1852, and the amendments thereto, his said real estate was assessed for the benefits of said road in the sum of $230, which he was compelled to and did pay to the defendant in the years of 1868 and 1869; that said road, if maintained and kept in good repair from said town of Eagletown to Noblesville, the county seat, would be of great benefit to said plaintiff; "that the defendant wilfully and negligently, and without the consent of the stockholders of said gravel road company, have allowed two miles of the west end to go down and become so badly out of repair, that the same is no better than a common mud road, and has been so for the last two years; so that the said gravel road has become of no benefit to the plaintiff," to his damage, etc.

The second paragraph is similar, except it avers that the road was completed in the year 1870, from Noblesville to Eagletown, in all things according to its charter; and under its provisions the board of directors by order abandoned one mile of the west end of its road, and have ever since abandoned the same and allowed it to become so out of repair that it is almost impossible to use it; that said road is a leading highway from the county seat to Eagletown; that he is doing a large farming business, and the abandonment of the west end of said road destroys its usefulness to the plaintiff, and is and has been of great damage to him. Wherefore, etc.

No special damage is alleged in either paragraph. The plaintiff's interest in this matter appears to be of the same nature as that of other citizens in the same vicinity, alike common to all, and necessarily a public interest. The road is alleged to be a leading public highway, and nothing is said as to whether it is free to the public, or toll is charged for its use. The remedy in such cases, for obstructions in a public highway, or failing to keep it in repair, is by a prosecu-

tion in behalf of the public, and not by an individual suit for damages. *Cummins* v. *City of Seymour*, 79 Ind. 491; Weeks' Damnum Absque Injuria, p. 24.

This assessment was paid in 1868-9. The road was finished in 1870. This part was abandoned in 1879. It appears to have been kept up for nine years. But if appellee did not collect tolls for the use of its road, we do not see under what obligation it was to further keep it in repair.

By the 5th section of the act of 1867, Acts 1867, p. 169, the plaintiff when he paid his assessment was thereby entitled to become a stockholder in the company to the extent of such payment, and have all the rights and privileges of any other person who had paid a like amount on subscription.

It is not shown that any part of this asssessment was reserved for future repairs, or that it was not all expended prior to 1870, in the construction of the road, as provided for in the 3d section of the act of 1867, *supra.*

The 7th section of the act of February 28th, 1855, 1 R. S. 1876, p. 664, provides among other things, that "any such company may, at any time, abandon any part of their road, two-thirds of the directors approving of such abandonment."

The 1st section of the act of March 1st, 1855, 1 R. S. 1876, p. 666, reads : "That corporations of any plank road, macadamized or gravel road may, by a vote of the stockholders, discontinue any part of the road by them made."

If the plaintiff was a stockholder in the corporation, he was bound by its acts through its authorized agents in all matters in which they had a right to act.

The act of February 28th, 1855, *supra,* gives the corporation the right, through its directors, to abandon any part of their road. The second paragraph of the complaint alleges that appellee, through its directors, by order, did abandon that part of the road.

"Upon legal principles it must be, that to the extent to which one person has a right to act, others, of course, are bound to suffer ; and any damage that may accrue to them,

while he is thus exercising his rights, affords no valid ground of complaint. The loss occasioned in such cases is *damnum absque injuria.*" 1 Thompson Negligence, pp. 240, 341-2, notes 2 and 3.

The plaintiff had the opportunity to have equal rights, enjoy equal privileges, and suffer equal losses with all the other stockholders of the company.

The corporation only acts through its authorized agents, and no individual member has a right to control or act independent of said agents; in all matters in which the agents have a right to act, their acts are its acts, and each individual member is bound to submit. Otherwise, corporations could not do business, or even exist for any considerable length of time.

If the keeping in proper repair of that end of the road was too expensive in proportion to the profits or benefits, the corporation, in the exercise of a sound discretion, had the right to abandon and cease the use of it, and while the public would have a right to use it afterwards free, as abandoned, an individual citizen or member of the corporation can not compel it to keep the road in repair, or pay damages for its abandonment. There was no error in sustaining the demurrers to the several paragraphs of the complaint. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.