No. 7214.

## THE CITY OF EVANSVILLE v. DECKER.

CITY.—*Sewers.*—*Negligence in Construction.*—*Damages.*—A city is liable for negligence in devising the plan of a sewer, as well as for negligence in executing the work.

SAME.—A city is not liable for error in the exercise of merely legislative power, and therefore, can not be held for failure to undertake the construction of sewers and drains, unless they are made necessary by its own acts.

SAME.—Where a city undertakes the making of sewers and drains, the work becomes ministerial, and ordinary skill and care are incumbent in devising the plan, in performing the work, and in maintaining the works constructed or adopted.

SAME.—*Street.*—*Surface-Water.*—*Drain.*—*Injury by Overflow.*—A city is not liable for injuries consequent merely upon the careful and skilful improvement of its streets, whereby surface-water is thrown upon private property, but it is liable if it collects the water in a channel and pours it upon another's land within or without its corporate boundaries.

SAME.—Where a city creates the necessity for outlets for accumulated water, it must provide them.

SAME.—In planning and constructing sewers and drains, a city is not bound to provide for extraordinary freshets, but as to such as may be reasonably anticipated, though only at long and irregular intervals, it is.

SAME.—*Construction of Drains Beyond City Limits.*—The statute, R. S. 1881, .section 3106, empowers cities to extend drains beyond their corporate 'limits, and to this power the law annexes the duties of skill and care in its exercise.

SAME.—Private persons, by so improving their lots as to interfere with the flow of surface-water, can not impose upon a city the duty of undertak-.ing the construction of sewers.

From the Gibson Circuit Court.

*P. Maier*, for appellant.

*A. Gilchrist*, for appellee.

ELLIOTT, J.—The complaint alleges that the appellant so unskilfully and negligently constructed a sewer as to cause water to flow upon and injure the property of the appellee.

A single objection is urged against the complaint. The appellant's counsel asserts that it is defective because it shows that the only unskilfulness or negligence on the part of the corporate officers was in devising the plan of the sewer. The objection can not prevail. It is well settled that a municipal corporation is liable for negligence in devising a plan for a sewer, as well as for negligence in carrying the plan into execution. *Cummins* v. *City of Seymour*, 79 Ind. 491 (41 Am. R. 618); *Weis* v. *City of Madison*, 75 Ind. 241; S. C., 39 Am. R. 135; *City of Indianapolis* v. *Tate*, 39 Ind. 282; *City of Indianapolis* v. *Lawyer*, 38 Ind. 348; *City of Indianapolis* v. *Huffer*, 30 Ind. 235.

In order to understand the questions presented upon the ruling denying a new trial, it is necessary to give a brief synopsis of the evidence. There is evidence fairly tending to show that the appellee had been for many years the owner of land near the city of Evansville; that more than twenty years before the grievances complained of he had erected a building and appurtenances for the manufacture of soap. These buildings were erected upon the side or bank of a ravine, through which the water flowed into a stream called

Pigeon creek. The water did not flow continuously, but did flow after every heavy fall of rain, and there were well defined banks and distinct marks of a channel. The buildings were at a considerable elevation above the bottom of the ravine. Prior to 1873 the county had constructed a road across the ravine, making for that purpose an embankment of considerable height. This afterwards became one of the streets of the city. Under this street there was a culvert of adequate dimensions, through which the water flowed freely. This culvert was removed and its place supplied with a sewer of much less capacity. While the large culvert was under the street no water was backed on to the appellee's land. In 1874, and after the sewer had been put in the place of the culvert, there were heavy rain falls, and the water was thrown back upon the property of the appellee and remained there for several weeks. The rain continued falling for a long time, and no steps were taken to provide the water collected by the sewer with an outlet. The rainfalls were heavy, but not unprecedentedly so. Other sewers than the one mentioned had been so constructed as to carry the drainage of a part of the city into the ravine near the appellee's property, and a great body of water was thus collected upon and near his property.

It is well settled that a municipal corporation is not responsible for an error in the exercise of a merely legislative power, and, therefore, is not liable for a failure to undertake to provide sewers and drains, unless they are made necessary by its own act. *Cummins* v. *City of Seymour, supra; Stackhouse* v. *City of Lafayette,* 26 Ind. 17; *City of Logansport* v. *Wright,* 25 Ind. 512; *Brinkmeyer* v. *City of Evansville,* 29 Ind. 187.

Where a municipal corporation undertakes to construct drains and sewers, the work becomes a ministerial one, and the corporation must exercise ordinary care and skill in devising the plan and performing the work. *Weis* v. *City of Madison, supra,* and authorities cited.

The corporation is bound to exercise ordinary care and skill in maintaining the sewers constructed by it, or adopted as

part of its system of drainage. *City of Indianapolis* v. *Lawyer, supra; City of South Bend* v. *Paxon,* 67 Ind. 228; *Barton* v. *City of Syracuse,* 36 N. Y. 54; *Nims* v. *Mayor,* etc., 59 N. Y. 500; *Rochester,* etc., *Co.* v. *City of Rochester,* 3 N. Y. 463; 2 Dillon Munic. Corp., sec. 1048.

A municipal corporation is not liable for consequential injuries resulting from the improvement of a public street in a careful and skilful manner. *Macy* v. *City of Indianapolis,* 17 Ind. 267; *City of Lafayette* v. *Bush,* 19 Ind. 326; *Snyder* v. *President,* etc., 6 Ind. 237; *Cummins* v. *City of Seymour, supra.*

A municipal corporation has no right to collect a body of water and lead it in a confined channel to a point near the property of a citizen, without providing a proper outlet. *City of Indianapolis* v. *Lawyer, supra; Weis* v. *City of Madison, supra.*

A city is not liable for injury resulting from surface-water thrown from its streets as the result of their skilful and proper improvement, but is liable for injuries proximately resulting, if it collects the water into a channel and pours it upon another's land. *Templeton* v. *Voshloe,* 72 Ind. 134 (37 Am. R. 150); *Cairo,* etc., *R. R. Co.* v. *Stevens,* 73 Ind. 278 (38 Am. R. 139); *Taylor* v. *Fickas,* 64 Ind. 167 (31 Am. R. 114); *Schlichter* v. *Phillipy,* 67 Ind. 201; *Weis* v. *City of Madison, supra;* 2 Dill. Munic. Corp., sec. 1051 (3d ed.); *Byrnes* v. *City of Cohoes,* 67 N. Y. 204.

Against extraordinary and unprecedented freshets municipal corporations are not bound to provide, but they are bound to make provision for such as may be reasonably expected to occur, even though their occurrence be at irregular and wide intervals of time. Ordinary diligence requires that the corporate officers should take into consideration the past history of the watercourses, and make reasonable provision for freshets of a similar character to those which have previously occurred, and which were not of an extraordinary character. *City of Madison* v. *Ross,* 3 Ind. 236; *Allen* v. *City of Chippewa Falls,* 52 Wis. 430; S. C., 38 Am. R. 748.

The care to be exercised in devising and carrying into effect the work of constructing a public sewer should be fairly proportionate to the nature and magnitude of the undertaking and the consequences likely to flow from a negligent breach of duty. *Mayor, etc., v. Bailey,* 2 Denio, 433.

A city is not bound to make inlets into public sewers for the purpose of draining private property lying outside of the corporate limits; but when a great body of surface-water is collected in a drain and conducted near to or upon such property, the city must use ordinary care in providing means for the flow of the water into some natural stream or water way. It can not gather the water together, confine it in a sewer, and thus conduct it to the corporate limits and cast it upon another's land. *Cummins v. City of Seymour, supra; O'Brien v. City of St. Paul,* 18 Minn. 176; *Kobs v. City of Minneapolis,* 22 Minn. 159; *O'Brien v. City of St. Paul,* 33 Am. R. 470; *Noonan v. City of Albany,* 79 N. Y. 470; S. C., 35 Am. R. 540.

Where the natural location of the land is below the grade of the street, and from this cause the water flows upon it, no action can be maintained against a municipal corporation that does no more than grade and improve its streets in a reasonably careful and skilful manner, although such improvement may greatly increase the flow of water upon the land. 2 Dill. Munic. Corp., section 1051.

Where the municipal corporation gathers in a confined sewer a great body of water and pours it upon land, the fact that the land is lower than the street grade will not make such an act a lawful one. On the contrary, the corporation is liable for such an act although the grade of the land is below that of the street. The dominant estate can not gather the water in a body and throw it in greatly increased quantities upon the servient, even though the latter is upon a much lower level. *Gillison v. City of Charleston,* 16 W. Va. 282; S. C., 37 Am. R. 763. Judge Cooley, in speaking of municipal corporations, says: "While they are not bound to construct

sewers or drains to protect adjoining owners against the flow of surface-water from the public ways, yet if they actually construct such as must carry water upon the adjacent lands, they are liable as much as they would be if they had invaded such lands by sending in their servants or otherwise." Cooley Torts, 580.

Where the system of drainage adopted by a municipal corporation makes it necessary to provide outlets for water accumulated in confined channels, the corporation must exercise reasonable care and skill in providing them, or answer in damages to the property-owners who sustain injury from a neglect of this duty. Having created the necessity, the duty devolves upon it to make reasonable provisions for the escape of the water without injury to adjacent proprietors. *Van Pelt* v. *City of Davenport*, 42 Iowa, 308; S. C., 20 Am. R. 622.

The fact that the land or lot is below grade does not absolve the corporation from the duty of providing outlets made necessary by the acts of its officers. It can not be possible that a city may cross a ravine with an embankment, and after thus obstructing the natural flow gather the water from its streets into a sewer and conduct it to the embankment and there leave it without adequate means of escape, and when sued successfully answer that the situation of the land overflowed was below the grade established by the corporate authorities.

Injuries from the filling up of adjacent lots or land can not supply grounds for an action against a municipal corporation although such acts may have greatly increased the flow of water upon land lying on a lower level. The corporation is not bound to undertake the work of constructing sewers because private property-owners in improving their lots have interfered with the flow of surface-water.

A city may extend its drains beyond the corporate boundaries. This authority is expressly conferred by our statute, but without a statutory provision to that effect the right has been declared to exist. R. S. 1881, section 3106.

A city can not, therefore, claim immunity upon the ground

that it has no power to construct drains outside of the corporate limits.

Counsel for appellant, in speaking of the instructions of the court, says: " In the main they are good law, but they do not fit the case made on the trial." Our opinion coincides to a great extent with that of counsel; we think that the instructions are in the main correct, and that they fit the case made by the evidence, but, that in some respects, they are more favorable to the appellant than they should have been. We think there was no error in refusing the instructions asked by appellant, for in so far as they were correct they were substantially embodied in those given, and as to the others we need only say that they are in conflict with the rules of law we have stated, and were correctly refused.

Judgment affirmed.