CITY OF NEW ALBANY *v.* LINES ET UX.

[No. 2,588. Filed Oct. 7, 1898. Rehearing denied Jan. 10, 1899.]

PLEADING.—*Complaint.*—*Demurrer.*— A complaint, to withstand a demurrer for want of sufficient facts, must state a cause of action in favor of all the plaintiffs. *p. 385.*

SAME.—*Complaint.*—*Husband and Wife.*— Where a complaint by husband and wife states a cause of action in favor of both, a statement therein of other facts constituting a cause of action in favor of the husband alone, while improper, does not render the complaint bad on demurrer for want of sufficient facts. *pp. 385, 386.*

MUNICIPAL CORPORATIONS. —*Improvement of Street.*—*Diverting Surface Water.*—A municipal corporation, in the lawfully authorized improvement of its streets, cannot without liability divert surface water from its natural courses by an artificial channel, and thereby cause it to flow upon adjacent property. *p. 389.*

SAME.—*When City Required to Provide for the Escape of Surface Water.*—*Sewers.*—*Nuisance.*—It is the duty of a city to provide

reasonably sufficient means of escape for the surface water, for the escape of which it has created the necessity, and its failure to perform that duty will give right to successive actions·for recurring injuries to an adjacent owner·of real estate without regard to the time of such owner's purchase of the premises. *pp. 389, 390.*

APPEAL AND ERROR.—*Bill of Exceptions.—Instructions Improperly Incorporated.*—An original bill of exceptions containing the evidence is not rendered insufficient, as such, merely because the court's instructions to the jury are improperly incorporated therein. *p. 391.*

From the Floyd Circuit Court. *Affirmed.*

*George H. Hester, W. H. H. Miller* and *J. B. Elam,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for ·appellees.

BLACK, J.—The appellees, James and Etta Lines, sued the appellant, the complaint containing two paragraphs, a demurrer to each of which for want of sufficient facts was overruled. Issues of fact were formed, the trial of which by jury resulted in a general verdict for the appellees for $500. Answers of the jury to interrogatories indicate that the trial of the cause proceeded upon the second paragraph of the complaint. This paragraph showed that the appellees were husband and wife; that the latter was the owner in fee simple of a house and lot in the city of New Albany, bounded on the east by Thomas street and on the south by an alley; that she had owned said premises since 1893, and from that time had been in possession thereof, and for the greater part of the time had occupied the same with her said husband as her dwelling house; that said house faced on said street, and extended back along said alley, the windows on the south side of the building opening upon the alley, and the house being in part ventilated by these openings; that in 1890 the city, under ordinance and resolutions of the common council duly. enacted and passed, improved said alley along the

south line of said premises; that in said improvement the appellant dug out and removed the earth therefrom, thereby reducing the grade of the alley two feet below the surface of said street at the point where the alley intersected the street; that, under the plan as adopted and carried out in the making of said improvement by the grading and paving of the alley, the surface water accumulated in the alley, in draining off the lots abutting on the alley along the line thereof, was carried eastward along the alley to said street, and was drained upon and held in check by said street at said intersection by reason of the fact that the street was higher than the surface of the alley; that, for the purpose of draining the alley and carrying off such water, a sewer pipe about eight inches in diameter was laid in and across said street, after the making of the improvement, but it was insufficient, and did not properly drain the alley; that when, in 1893, the appellee Etta Lines purchased said premises, she had no notice or knowledge that said drain was insufficient, or that it would not carry off said surface water and keep said alley clean and wholesome, but believing, in good faith, that the alley was properly constructed, and that a proper plan had been adopted by the common council for the drainage thereof, she purchased the property and went into possession thereof; that after her said purchase the appellant, by its agents and servants, undertook to alter and improve such drainage, and for that purpose took up and removed said sewer pipe in said street, and relaid it, carrying it from said intersection in a northeasterly direction, across and in front of said premises, to Culbertson avenue; that the appellees, believing, in good faith that said pipe was being properly laid and would properly drain the alley, made no objection to the relaying thereof; that the appel-

lant did not properly relay said pipe for the drainage of the alley, but adopted and carried out a defective, unskilful, and negligent plan in laying down said pipe, in this: that in laying it, and for the purpose of making a sufficient fall to allow the water to pass through it from the alley to said avenue, the appellant raised the mouth or opening of said pipe where it entered the alley from Thomas street at said intersection four inches above the surface of the alley as so improved; that, by reason of the fact that it was so raised above the grade and surface of the alley, the surface water and drainage in the alley accumulated and backed to the depth of four inches in the center of said alley before it would pass out through said pipe, thus keeping said water and drainage standing to that depth at all times; that such water became stagnant and offensive, and that noxious odors and vapors arose from it; that the appellant was negligent and unskilful in the construction of said sewer and drainage pipe, in this: that said pipe was not of sufficient size to carry off the water accumulating during rains and storms in said alley, and that by reason of the smallness of the pipe and its lack of capacity to carry off surface water, the same was gathered upon, held in check, and thrown back and in upon the real estate and premises of the appellees, thereby covering the same with water, and making the same damp and unwholesome, and rendering said premises less desirable as a place of residence; that by reason of the accumulation of unwholesome animal and vegetable matter in said alley at the mouth of said sewer, and the holding of the same in check there as aforesaid, unwholesome stenches, odors, and vapors were created and arose therefrom, and flowed in and upon said house, making the air of the same impure and unwholesome;

that the appellee James H. Lines had been made sick
from the same, and had been unable to follow his
trade and occupation for four months, and had been
put to great expense in and about curing himself by
the purchase of medicines and procuring the services
of a physician, to wit, in the sum of $100; that for the
purpose of curing himself of such illness, the appel-
lees were compelled to move out of said premises un-
til he regained his health, and during such period,
to wit, six months, the appellees were unable to rent
said premises, because of such unwholesome and nox-
ious vapors and odors, and wholly lost the rent there-
of amounting to $50; that the value of said real
estate had been greatly reduced by such noxious
odors and vapors coming in and upon said premises,
and by the surface water in said alley being thrown
back in and upon said premises, to wit, in the sum
of $500.   It was further alleged that said injuries
were suffered without any fault or negligence on the
part of the appellees, or either of them, but solely
through the fault and negligence of the appellant, in
this: that the appellant was negligent, careless, and
unskilful in the formation and adoption of the plan
for the drainage of said alley, placing the opening of
the sewer pipe above the grade and surface of the
alley, thus allowing the water to accumulate, etc.,
and in laying the pipe in such manner as to hold such
surface water in check, and accumulate it in said
alley, thereby causing it to become stagnant and of-
fensive, and in laying said pipe of an insufficient size
and inadequate to carry off said surface water,
thereby causing it to be gathered up, held in check,
and thrown back upon said premises; that, by reason
of such negligent and unskilful acts on the part of the
appellant, the appellees had been damaged in the

City of New Albany v. Lines.

sum of $1,000; "wherefore plaintiffs demand judgment," etc.

In this complaint the appellees sought to recover for injury suffered by the wife and by the husband separately, from the same cause, and it is contended on behalf of the appellant that for this reason the complaint was bad on demurrer. It is a familiar general rule that, to withstand a demurrer for want of sufficient facts, a complaint must state a cause of action in favor of all the plaintiffs. *Berkshire* v. *Shultz*, 25 Ind. 523; *Neal* v. *State*, 49 Ind. 51; *Goodnight* v. *Goar*, 30 Ind. 418; *Debolt* v. *Carter*, 31 Ind. 355; *Parker* v. *Small*, 58 Ind. 349; *Ohio, etc., R. Co.* v. *Cosby*, 107 Ind. 32; *Traders' Ins. Co.* v. *Newman*, 120 Ind. 554.

It is quite certain that for a cause of action in the husband alone, the wife could not properly be joined as a co-plaintiff, and that, if the complaint by husband and wife stated only such cause of action, it would be bad on demurrer for want of facts sufficient to constitute a cause of action. A married woman may sue as sole plaintiff, under section 255, Burns' R. S. 1894 (254, Horner's R. S. 1897), where the action concerns her separate property, or her husband may be joined with her as her co-plaintiff. *Welch* v. *Bunce*, 83 Ind. 382. See *Martindale* v. *Tibbetts*, 16 Ind. 200; *Hollingsworth* v. *State*, 8 Ind. 257; *Atkinson* v. *Mott*, 102 Ind. 431; *Roller* v. *Blair*, 96 Ind. 203.

In the various changes made by the legislature in the law concerning husband and wife, our courts, clinging to the common law, adjective as well as substantive, except as changed by statute, have sanctioned the joinder of the husband as a plaintiff, when perhaps it may be said no substantial reason exists for retaining the practice even as a permissive one; but, however this may be, the practice is allowable, as the

authorities we have cited and many others show. In an action wherein husband and wife may properly be joined as plaintiffs, facts which would constitute a cause of action in favor of the husband alone cannot properly be stated in the complaint, but, if a complaint in which two or more are joined as plaintiffs state a cause of action in which all the plaintiffs may join, the statement therein of other facts constituting a cause of action in favor of one of the plaintiffs alone, while improper, is a fault of pleading which cannot be reached by demurrer for want of sufficient facts; for in such case the complaint does state facts sufficient to authorize the joinder of all the plaintiffs. The additional facts which do not conduce to create a cause of action for which all the plaintiffs may unite in suit may be struck out on motion, or may be excluded in various ways in connection with the trial. See *Scotton* v. *Mann*, 89 Ind. 404; *Hamm* v. *Romine*, 98 Ind. 77.

In considering the question as to the sufficiency of the complaint on demurrer, the statement of facts which relates alone to injury to the husband cannot be considered as adding anything of value to the complaint, and, to hold the complaint good, it must be decided that it states a cause of action in favor of the wife. While it appears from the complaint that the improvement of the alley was made, and the tile pipe was laid, before Mrs. Lines became the owner of the premises in question, it is shown that the injuries of which complaint is made accrued while she was the owner, and after the tile pipe was relaid, in 1894. It appears that the tile pipe, as originally laid before she purchased the premises, was insufficient, and did not properly drain the alley, though it is not further shown in what the insufficiency then consisted, except in the want of sufficient capacity. There is

indefiniteness and obscurity in the complaint, but it is made to appear that the city undertook to remedy the defectiveness of the drainage, but so planned and did the work that the insufficiency was not obviated, and thereafter conditions described existed which caused the injuries indicated. It would seem to have been intended to allege that the opening into the sewer pipe was raised four inches above the grade and surface of the alley at the time of the attempt to repair the drainage, but it is not stated what was the height of the opening before, and it appears that the conditions which caused the injuries complained of were the same in kind before and after the repairs were undertaken. The water was collected, and was not carried off. The improvement of the alley is shown to have been lawfully ordered, and the only complaint made is, that when the work was completed the surface water which was collected and caused to flow eastward could not escape because of the elevation of the street at the east end of the alley, and because of the insufficiency of the sewer pipe drainage rendered necessary by this elevation of the street, and because of the failure of the city properly to repair the drainage when it attempted to do so, and that thereby the water was thrown back upon the premises of Mrs. Lines, and became stagnant, etc.

It is established that, where a municipal corporation has made a lawfully authorized improvement of its street or alley with reasonable care and skill, there can be no recovery for consequent injury to the property of adjacent proprietors. In such case there has been no legal wrong. *Cummins* v. *City of Seymour*, 79 Ind. 491.

It is a reasonable rule, authoritatively settled in this State, that where such a lawful improvement has been made, and injuries accrue to owners of ad-

jacent property through negligence in the planning
of the improvement or in the work of construction,
or both, there may be a recovery therefor.   In such
case there has been wrong and damage consequent
thereon.   *City of Indianapolis* v. *Huffer*, 30 Ind. 235;
*Weis* v. *City of Madison*, 75 Ind. 241; *Cummins* v. *City
of Seymour, supra.*

Where the injury to property caused by a municipal
corporation in the exercise of its authority over its
streets is the result merely of negligence in the mak-
ing of an improvement of a permanent character, as
the grading of a street, such injury must be regarded
as accruing to the person owning the property at the
time the wrong is done,—that is, when the improve-
ment is made,—and the right of action in him for
such wrong does not pass by his deed of conveyance
of the land, and a subsequent owner of the land can-
not by virtue of his ownership recover for such injury.
*City of North Vernon* v. *Voegler*, 103 Ind. 314; *Stein* v.
*City of Lafayette*, 6 Ind. App 414.  Such cases are distin-
guishable from those where the condition which
causes the injury may reasonably be regarded as tem-
porary, and it may be presumed that the wrongdoer
can and will remove the cause of injury.   If the case
can be regarded as one wherein the matter of com-
plaint constitutes a nuisance which may be remedied
and for the continuance of which successive actions
will lie, then, in an action by one who has become
the owner since the original creation of the condition
of things from which the damage arises, it cannot be
said that damages which he seeks were recoverable
only by the former owner.   See *Stein* v. *City of Lafay-
ette, supra.*

While a municipal corporation is not ordinarily
liable for a mere failure to undertake the making of a
public improvement, as a sewer, it may by some act of

its own, in its exercise of its authority over its streets, produce a condition which places it under liability for such failure. *Cummins* v. *City of Seymour, supra,* and cases cited. A municipal corporation, in the lawfully authorized improvement of its streets, cannot without liability divert surface water from its natural course by an artificial channel, and thereby cause it to flow in a body upon adjacent property. *Weis* v. *City of Madison, supra.* If a city, in the improvement of its street or alley, thereby causes an accumulation of surface water upon the street or alley, it must provide reasonable means whereby it will not remain there for an unreasonable time, to the injury of adjoining proprietors, and it must make and keep the means of escape of such capacity and in such repair that the surface water so collected by its own act may not injure the adjoining proprietor. *City of Indianapolis* v. *Lawyer,* 38 Ind. 348. "Having created the necessity, the duty devolves upon it to make reasonable provisions for the escape of the water without injury to adjacent proprietors." *City of Evansville* v. *Decker,* 84 Ind. 325, 330.

The complaint before us showed the failure of the city to provide a reasonably adequate means of escape for surface water which it had collected and caused to flow in a body. It showed an attempt to provide such means by a sewer pipe which failed to answer the purpose sufficiently, and a subsequent relaying of the sewer pipe, with a like failure, through appellant's negligence. The water so collected and confined was offensive and unwholesome, and it flowed back upon the adjoining premises.

It seems to us to be immaterial whether or not the condition, through appellant's fault, was as bad before the attempted repairs as afterward, or whether or not the mouth of the sewer pipe was as high above

the surface of the alley before the relaying of the pipe as afterwards. It was at all times the duty of the city to provide reasonably sufficient means of escape for the water, for the escape of which it had created the necessity, and its failure to perform that duty would give right to successive actions for recurring injuries to the adjacent proprietor without regard to the time of his purchase of the premises. The presence and condition of the water as described in the complaint at any time was a nuisance, to remove which it was the duty of the city to exercise reasonable diligence and skill. The failure to perform such duty was shown to have injured the adjacent resident proprietor. In *Mellor* v. *Pilgrain*, 3 Ill. App. 476, it was held that where drains are so constructed as to collect surface water upon one's land, and to discharge it in a body upon a neighbor's land, the wrong is a continuing nuisance, and successive actions may be sustained. The conditions produced by the appellant which resulted in the alleged injuries cannot be regarded as an effect accomplished by a permanent lawful improvement, negligently constructed, for which all damages must be recovered by the person owning the adjacent property at the time of the improvement of the alley. It is not to be presumed that the city will continue indefinitely to maintain such a condition, injurious not merely to property owners immediately adjacent, but also to all residing within reach of the offensive and unwholesome vapors so produced, or that it will not provide reasonable means whereby the waters so collected will cease to be thrown back upon adjacent private property; nor can the plaintiff, by bringing such an action as this, be regarded as accepting such a condition as permanent, and agreeing that it is never to be remedied by the city.

A motion for judgment in favor of the appellant upon the answers of the jury to the interrogatories, notwithstanding the general verdict, was overruled. If what we have said in discussing the complaint be correct, there was no error in this ruling.

A motion for a new trial was overruled. The record before us embraces a bill of exceptions which contains the evidence and instructions. It is an original bill, as signed by the judge, inserted by the clerk without copying. Under the statute of 1897 a bill of exceptions containing the evidence may thus be brought before this court. The statute, Acts 1897, p. 244 (section 638a, Burns' Supp. R. S. 1894 650a, Horner's R. S. 1897), provides, that "to make the evidence, and all rulings of the court in respect to the admission and rejection of evidence and the competency of witnesses and the objections and exceptions thereto in any civil or criminal cause a part of the record upon appeal to the Supreme or Appellate Court, it shall be sufficient if the transcript contain the original bill of exceptions embracing all such evidence," etc. The statute does not provide that the transcript may contain an original bill embracing instructions to the jury, and, to bring them before this court by bill of exceptions, the bill must be copied into the transcript. *Leach* v. *Mattix*, 149 Ind. 146. We think, however, that the mere presence in the bill of matters other than those which may be presented here by an original bill, ought not to render the bill insufficient as an original bill containing the evidence, where, aside from the incorporation therein of such other matters, there has been in all respects a compliance with the provisions of the statute.

One of the reasons assigned in the motion for a new trial to which counsel have called attention was, that the damages were excessive. The argument of

counsel proceeds upon the erroneous assumption that no ground of recovery in favor of Mrs. Lines was shown in the complaint, except loss of rent. We are unable to determine from anything pointed out in argument that the court erred in refusing a new trial. The judgment is affirmed.